# THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

        Plaintiff,

v.

KALEB FRANKS,

        Defendant.

Case No. 1:20-CR-183

Hon. Robert J. Jonker
Chief U.S. District Court Judge

---

## DEFENDANT'S MOTION TO ALLOW SUBMISSION OF
## UNIQUE JUROR QUESTIONNAIRE
## AND MEMORANDUM IN SUPPORT

Defendant Mr. Kaleb Franks, through his attorney Scott Graham, moves this Court to allow the parties to draft and submit a unique, joint juror questionnaire. In support of this motion, Mr. Franks offers the following memorandum of law.

### *Procedural Background*

This case began with the government filing a criminal complaint on October 6, 2020, charging Mr. Franks and five others with conspiring to kidnap, in violation of 18 U.S.C. § 1201(c). *See* RE. 1: Complaint, PageID # 1. Authorities arrested Mr. Franks the following day in Ypsilanti, Michigan. His initial appearance occurred October 8, 2020. *See* RE. 12: Minutes of First Appearance, PageID # 34. After litigation of the issue, the Court ordered Mr. Franks detained. *See, e.g.*, RE. 74: Order Affirming Detention Order, PageID # 437-38.

The government indicted Mr. Franks and his codefendants on December 16, 2020. RE. 86: Indictment, PageID # 573-78. This indictment included a single charge: conspiracy to kidnap Michigan's governor. *See id.* at 573. Only one codefendant has pleaded guilty (doing so on January 27, 2021), with the rest proceeding toward trial, which is scheduled to begin on October 12, 2021 (with a final pretrial conference on September 23, 2021). *See* RE. 143: Minutes of Garbin Change of Plea, PageID # 759. A superseding indictment, filed on April 28, 2021, added weapons counts against codefendants but did not modify the charge against Mr. Franks. *See* RE. 172: Superseding Indictment, PageID # 961-76.

### *Legal Discussion*

While the parties may dispute many things in this case, it seems like everyone involved can agree that this case involves highly publicized and politicized (and, at least counsel for the defendants would likely agree, inflammatory) allegations against many people. The press has shown great interest in this matter. The allegations are explicitly political. The object of the supposed conspiracy was kidnapping this state's governor. Now, the conduct of one or more FBI Agents has been explicitly criticized. This case simply stands apart from the mine-run drug or gun case.

So while Local Criminal Rule 24 addresses juror questionnaires and their confidentiality, this case seems to demand something beyond the standard questionnaire used, especially since the caldron of political concerns (like the state's handling of COVID-19—concerns that provide some of the color in the landscape of

this case) continues to boil over. Counsel now asks the Court to allow for submission of a jointly drafted juror questionnaire to address some of the deeper issues here, including potential jurors' views on the pandemic, masks, political unrest in the state, and activist groups. Counsel for all parties could work together to draft a submission within thirty days of the Court entering an order allowing for such.

Courts recognize the need for increased vigilance during voir dire when cases receive extensive pretrial publicity. *See, e.g.*, *Ritchie v. Rogers*, 313 F.3d 948, 957 (6th Cir. 2002) (discussing trial court's deeper inquiries into prospective jurors' exposure to media coverage of the case). Fifth and Sixth Amendment due-process and fair-trial rights rest on empaneling an impartial jury. *See id.* at 961 (discussing case law). "In a highly publicized case," which Mr. Franks' case, of course, is, "where there is an absence of 'presumed prejudice,'[1] the trial court has a responsibility to confront the fact of the publicity and determine if the publicity rises to the level of 'actual prejudice' and a searching voir dire of the prospective jurors is the primary tool to determine if the impact of the publicity rises to that level." *Id.* at 962. A more extensive juror questionnaire constitutes a first step in that inquiry.

It's possible that the parties will not create a helpful questionnaire. However, in the interest of justice, they should be required to take on this task in order to guarantee fairness to all sides. If the Court is not satisfied with the results, it can reject the questionnaire or provide guidance regarding a revised version of a questionnaire.

---

[1] Mr. Franks does not concede an absence of presumed prejudice. He will address that issue in a separate, change-of-venue motion.

*Conclusion*

Given the gravity of this case and its political undercurrents, jury selection will involve complexities beyond those of standard voir dire. To facilitate and speed the process, counsel hopes to be able to draft and use an extended juror questionnaire, one that all parties could assist in preparing and submitting for the Court's approval. The parties could make their joint submission within 30 days of the Court entering an order requiring such a submission.

Respectfully submitted,

Date: July 12, 2021 **SCOTT GRAHAM PLLC**

By:___/s/ Scott Graham_____
     Scott Graham
     Attorney for Defendant
Business Address:
     1911 West Centre Avenue, Suite C
     Portage, Michigan 49024
     (269) 327.0585

## CERTIFICATE OF COMPLIANCE

In accordance with Local Criminal Rule 47.2(b)(ii), counsel asserts that this brief contains 747 words, as counted by Microsoft Word, version 16.50.

By: /s/ Scott Graham

Dated: July 12, 2021
SCOTT GRAHAM
Attorney for Defendant
Business Address:
1911 West Centre Avenue, Suite C
Portage, Michigan 49024
(269) 327.0585
sgraham@scottgrahampllc.com