UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                            Case No. 1:20-CR-183

                                       Hon. Robert J. Jonker
KALEB JAMES FRANKS,           Chief U.S. District Judge

    Defendant.
_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENSE MOTION FOR CHANGE OF VENUE**

Kaleb Franks has asked to move his trial to another district, but he has not proven that the jury pool in this district will be prejudiced against him. Accordingly, the government asks this Court to deny his motion.

**I.  BACKGROUND**

Facing trial on a charge of conspiracy to commit kidnapping, Kaleb Franks has moved for a change of venue. He claims that the jury pool has been presumptively prejudiced against him because of "the extensive, negative, pervasive press coverage of the allegations; the press's active involvement in the case; and the fact that the object of the alleged conspiracy was the kidnapping of the state's governor, who remains publicly vocal about the matter." (ECF No. 230, PageID.1270.)

**II.    APPLICABLE LAW**

Rule 21(a) of the Federal Rules of Criminal Procedure requires a court to grant a motion to transfer venue if "the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there."

"Prejudice resulting from pretrial publicity can be presumptive or actual." *Foley v. Parker,* 488 F.3d 377, 387 (6th Cir. 2007); *see also United States v. Jamieson*, 427 F.3d 394, 412-13 (6th Cir. 2005).

"Presumptive prejudice from pretrial publicity occurs where an inflammatory, circus-like atmosphere pervades both the courthouse and the surrounding community." *Foley*, 488 F.3d at 387. A showing of presumptive prejudice is extremely rare. *DeLisle v. Rivers*, 161 F.3d 370, 382 (6th Cir. 1998) ("Indeed, the few cases in which the Court has presumed prejudice can only be termed extraordinary."). "While pretrial publicity can be so great that prejudice is presumed, pretrial publicity on its own does not create a presumption that the defendant was denied a fair trial." *United States v. Sypher*, 684 F.3d 622, 627 (6th Cir. 2012) (internal quotation omitted). "To satisfy due process . . . it is not necessary for the jury to be totally ignorant of the case or to be wholly free from any exposure to pretrial publicity." *Jamieson*, 427 F.3d at 412. "[E]ven pervasive, adverse publicity . . . does not inevitably lead to an unfair trial." *DeLisle*, 161 F.3d at 382, quoting *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 554 (1976). When publicity is factual, the risk of prejudice is even lower. *See Murphy v. Florida*, 421 U.S. 794, 802 n. 4 (1975) ("we have in the past distinguished largely factual publicity from that which is invidious or inflammatory").

Until jury selection has begun, a court cannot properly evaluate whether media coverage has created actual prejudice. *See Foley*, 488 F.3d at 387. This is because "voir dire is the primary tool for discerning actual prejudice." *Sypher*, 684 F.3d at 627 (internal quotation omitted).

2

"Negative media coverage by itself is insufficient to establish actual prejudice, and the existence of a juror's preconceived notion as to the guilt or innocence of the defendant, without more, is not sufficient to rebut the presumption of impartiality." *Foley*, 488 F.3d at 387. To evaluate a claim of actual prejudice, a "court must review the media coverage and the substance of the jurors' statements at voir dire of prospective jurors." *Id.*

### III.   ANALYSIS

Franks has failed to demonstrate prejudice.

Regarding presumptive prejudice, he has not offered any evidence that a "circus-like" atmosphere pervades both the community and the court where he will stand trial, nor has he even claimed as much. Rather, he asks the Court to "presume prejudice in this case based on the extensive, negative, pervasive press coverage of the allegations . . . ." But as the Sixth Circuit has explained more than once, pretrial publicity alone does not constitute prejudice, even if it is negative. Moreover, of the two articles that Franks cites as evidence of negative press coverage, one was focused on alleged mistakes in the government's prosecution effort, not the defendants' alleged crimes, and the article made clear that Franks maintained his innocence. *See* Robert Snell, "FBI Agent Audio Raises Questions About Sabotage in Whitmer Kidnap Case, Defense Suggests, *The Detroit News* (July 11, 2021) ("Kaleb Franks' lawyer says his client pleads not guilty"). That hardly seems like negative coverage (at least for Franks). More importantly, it is not evidence of an irreparably inflammatory atmosphere, even though that is what Franks would need in order to demonstrate presumptive prejudice.

Any claim of actual prejudice fails for a different reason: it is premature. This Court cannot evaluate a claim of actual prejudice until it has in hand the tool that the Sixth Circuit prescribes for that task, namely, voir dire. Jury selection is weeks away, and the parties have not yet received

questionnaires from prospective jurors nor asked them any questions. Hence, there is no evidence that *any* member of the venire, much less *every* member, has been prejudiced by media coverage.

Without proof of prejudice, there is no need for a change of venue, so the motion should be denied.

## IV. CONCLUSION

For the above reasons, the government asks this Court to deny Franks's motion for change of venue.

                                        Respectfully submitted,

                                        ANDREW BYERLY BIRGE
                                        United States Attorney

Dated: August 26, 2021            */s/ Austin J. Hakes*
                                        AUSTIN J. HAKES
                                        NILS R. KESSLER
                                        Assistant United States Attorneys
                                        P.O. Box 208
                                        Grand Rapids, MI 49501-0208
                                        (616) 456-2404