UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

      vs.                                Case No. 1:20-CR-183

                                          Hon. Robert J. Jonker
KALEB JAMES FRANKS,              Chief U.S. District Judge

              Defendant.
_____/

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENSE MOTION FOR SEVERANCE

      Kaleb Franks stands accused of conspiracy to commit kidnapping. The kidnapping charge alleges that Franks and his codefendants committed several explosives-related overt acts in support of their plot. Even so, Franks now asks for a separate trial on the ground that, absent a severance from his codefendants, he will be unfairly prejudiced by the admission of explosives-related evidence and terminology which would otherwise "not come in at trial."

      This Court should deny Franks's motion. Applicable law expresses a strong preference for joint trials of coconspirators, and it states that the overt acts of all coconspirators are admissible against all individual conspirators, whether tried alone or separately. Hence, the harm that Franks complains of is not unfair, and the remedy he seeks would not cure it.

## I.    BACKGROUND

      Kaleb Franks has been charged via superseding indictment with conspiracy to commit kidnapping contrary to 18 U.S.C. § 1201(c). The kidnapping conspiracy count alleges that Franks and his coconspirators committed multiple overt acts concerning improvised explosives in support

of their kidnapping conspiracy. For example, paragraph 5 alleges that coconspirators Croft, Harris, and Garbin "attempted to detonate two improvised explosive devices" at a training exercise on or about July 11, 2020. (ECF No. 172, PageID.963.) Paragraph 10 alleges that codefendant Garbin proposed "taking down a highway bridge near the Governor's vacation home" in order to hinder law enforcement response to the kidnapping. (*Id.* at PageID.964.)  Paragraph 11 alleges that, on the weekend of September 12 and 13, 2020, all of the defendants, including Franks, discussed fighting "the Governor's security detail with improvised explosive devices, a projectile launcher, and other weapons." (*Id.* at PageID.964-65.) Paragraph 13 alleges that, on that same weekend, codefendants Fox and Croft "stopped to inspect the underside of a highway bridge near the vacation home for a place to mount an explosive charge." (*Id.* at PageID.965.) Paragraph 14 alleges that codefendants Croft and Harris "detonated an improvised explosive device containing shrapnel near human silhouette targets hung by the conspirators to assess its effectiveness." Paragraph 15 alleges that on or about September 13, codefendant Fox ordered "$4,000 worth of explosives from an undercover FBI agent posing as a co-conspirator." (*Id.*) Finally, paragraph 19 alleges that Franks and other codefendants drove to Ypsilanti, Michigan to make a "good-faith payment towards explosives and other supplies." (*Id.*)

Some of these acts are mentioned elsewhere in the superseding indictment. Count 2 accuses three of Franks's coconspirators of conspiracy to use a weapon of mass destruction, and Count 3 alleges that two coconspirators committed the crime of possessing an unregistered destructive device.

Franks now claims that these additional counts entitle him to a trial severance. He argues that these additional charges "mean that evidence ('scary,' emotional evidence) that would otherwise not relate to Mr. Franks at all, and not come in at trial, will appear before the jury front

and center." (ECF No. 232, PageID.1279.) He also states that, if he were to stand trial with his codefendants, "he will find himself in the midst of a whirlwind of weapons-of-mass-destruction-related terrorism terms, an avalanche of bomb-related videos, and lengthy discussions about codefendants supposedly detonating explosives" all of which would "color[] him in the eyes of the jury." (*Id.* at PageID.1284.)

## II.    APPLICABLE LAW

"There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials play a vital role in the criminal justice system. They promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *see also* Fed. R. Crim. P. 8(b) (stating that "[t]wo or more defendants may be charged in the same indictment . . . if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses"). This is especially true when multiple defendants are accused of participating in a conspiracy or joint scheme. *United States v. Weiner*, 988 F.2d 629, 634 (6th Cir. 1993). "Severance should not be granted where the same evidence is admissible against all defendants, nor should it be granted where evidence is admissible against some defendants but not others." *United States v. Gardiner*, 463 F.3d 445, 472-73 (6th Cir. 2006).  In fact, "it will be the rare case, if ever, where a district court should sever the trial of alleged co-conspirators." *United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008).

When defendants properly have been joined under Rule 8(b), "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro,* 506 U.S. at 539. "[I]t is well settled that defendants are not

entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro,* 506 U.S. at 540. A "defendant is not entitled to a severance simply because the evidence against a codefendant is far more damaging than the evidence against him." *United States v. Causey,* 834 F.2d 1277, 1287-88 (6th Cir. 1987). Rather, to prevail on a motion for severance, "a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *Gardiner*, 463 F.3d at 473.

The preference for joint trials of co-conspirators reflects the reality that, generally, the same proof is admissible against any member of a conspiracy, whether tried alone or with coconspirators. For more than 70 years, federal courts have recognized that once a conspiracy is "fully established, the declarations and acts of the various members, even though done or made prior to the adherence of some to the conspiracy, **become admissible against all** as declarations or acts of co-conspirators in aid of the conspiracy." *United States v. United States Gypsum Co.*, 333 U.S. 364, 393 (1948) (emphasis added); *see also United States v. Bartholomew*, 310 F.3d 912, 921 (6th Cir. 2002) (affirming admission of acts and statements made by defendant's co-conspirators against defendant in marijuana conspiracy trial); *United States v. Kelley*, 849 F.2d 999, 1003 n. 5 (6th Cir. 1988) (noting "acts [of co-conspirators]. . . become admissible against all" in a conspiracy trial).

In instances where there is some proof that is admissible against some, but not all, co-conspirators, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539; *see also United States v. Breinig*, 70 F.3d 850, 853 (6th Cir. 1995) (explaining that "a measure less drastic than a separate trial" will often cure risk of prejudice); *United States v. Serrano-Ramirez*, 811 F. App'x 327, 335 (6th Cir. 2020) (affirming preference for limiting instructions notwithstanding risk of prejudice in joint trial).

## III.   ANALYSIS

Franks claims that, if only his trial were severed, he could avoid the "'scary,' emotional" evidence about explosives and bomb-making that would otherwise "not come in at trial." He's mistaken. The explosives evidence would come in at trial even if the kidnapping conspiracy count was the only charge at issue, and even if Franks was the only defendant proceeding to trial. This is because that charge explicitly lists multiple, explosive-related acts and statements as overt acts committed in furtherance of the conspiracy. Since the acts and statements of any coconspirators made in furtherance of a conspiracy are admissible against all members of the conspiracy, the jury would hear about the acts anyway, even if there were no additional charges. Consequently, Franks's severance demand is twice faulty: the evidence he fears is properly admissible, and he couldn't avoid it by going to trial alone.

Elsewhere in his motion, Franks complains more specifically of the terms associated with the charges that his codefendants face (e.g., "weapons of mass destruction"). But even assuming that the mere language Congress chose to describe one offense could somehow "prevent the jury from making a reliable judgment about [Franks's] guilt or innocence" (a big leap), Franks has not shown why a limiting instruction would be inadequate protection against this "whirlwind." Thus, Franks has not met his burden of demonstrating "compelling, specific, and actual prejudice" that would result from a denial of his motion for severance.

## IV.   CONCLUSION

For the above reasons, the government asks this Court to deny Franks's severance motion.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Dated:  August 26, 2021       _/s/ Austin J. Hakes_____
AUSTIN J. HAKES
NILS R. KESSLER
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404