UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

CASE NO. 1:20-CR-183

v.

HON. ROBERT J. JONKER

KALEB JAMES FRANKS,

    Defendant.
_____/

## ORDER

The government charges defendant Franks and all other remaining defendants with a kidnapping conspiracy in the original Indictment, ECF No. 86, and in Count 1 of the Superseding Indictment, ECF No. 172. The Superseding Indictment also charges three defendants, and not defendant Franks, with conspiracy to use a weapon of mass destruction. *Id.* (Count 2). Counts 3 and 4 charge certain defendants other than defendant Franks with possession of an unregistered destructive device and a short-barreled rifle. *Id.* Defendant Franks asks that the case against him be severed for trial because he says joinder is either improper under Rule 8, or unfairly prejudicial under Rule 14 even if technically proper. The Court disagrees and denies the motion.

Rule 8 governs joinder of offenses and defendants. Joinder of offenses is proper if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Rule 8(a). Joinder of defendants is proper "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Rule 8(b). Not all defendants need be charged with each offense. *Id.*

In the Court's view, joinder is unquestionably proper under these standards. All nineteen of the factual allegations included in Count 1 are expressly incorporated into the other three counts. The factual allegations of each charge are not merely connected to each other, they are overlapping and intertwined. The offenses charged are of the same or similar character—all involve explosives, firearms or other destructive devices—and are allegedly connected with a common scheme or plan—namely, the kidnapping conspiracy charged against all defendants, including defendant Franks.

When charges and defendants are properly joined, the Court may order severance under Rule 14 if a joint trial "appears to prejudice a defendant or the government." However, "[a]s a general rule, persons jointly indicted should be tried together." *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir.1987). "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

A complicated case in which charged defendants have "markedly different degrees of culpability" can create a risk of spillover prejudice. *Zafiro*, 506 U.S. at 539. But "[e]ven where the risk of prejudice is high, less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice . . . . Indeed, a request for severance should be denied if a jury can properly compartmentalize the evidence as it relates to the appropriate defendants." *United States v. Driver,* 535 F.3d 424, 427 (6th Cir. 2008) (quotations omitted). "[A] defendant is not entitled to severance simply because the evidence against a co-defendant is far more damaging than the evidence against him." *Causey*, 834 F.2d at 1288. "Moreover, a defendant does not have a right to a separate trial, merely because his likelihood of acquittal would be greater if severance were

granted." *United States v. Beverly*, 368 F.3d 516 (6th Cir. 2004). "Absent a showing of substantial prejudice, spillover of evidence from one case to another does not require severance." Id. (quotation marks omitted).

Under these standards, defendant Franks has not made a convincing case for severance. The focal point of the government's proofs against all defendants will be the allegations related to the overarching kidnapping conspiracy charged in Count 1. Evidence focused specifically on the charges in Counts 2, 3 or 4 will naturally highlight defendants other than Franks, but all of these other defendants are charged with defendant Franks on the overall conspiracy. Much, if not all, of this proof would be germane and admissible on the kidnapping conspiracy charge too. So this is really not a case of spillover risk at all. To the extent there is any evidence fairly applicable only to a defendant other than defendant Franks, the Court is confident that an appropriate jury instruction will be able to handle the matter.

Accordingly, the motion for severance, ECF No. 232, is **DENIED**.


Dated:   August 27, 2021               /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       CHIEF UNITED STATES DISTRICT JUDGE