UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                    No. 1:20-cr-183

        vs.                                         Hon. Robert J. Jonker
                                                        Chief United States District Judge

KALEB JAMES FRANKS,

        Defendant.
_____/

## GOVERNMENT'S RESPONSE TO APPEAL OF MAGISTRATE JUDGE'S ORDER DENYING MOTION TO COMPEL

The defendant restates the arguments in his discovery motions but provides no grounds for finding the Magistrate Court erred in denying them. Its ruling should therefore be affirmed.

FACTS

1.       In July 2021, defendant Franks filed a motion to compel disclosure of confidential human source (CHS) files (R. 258: Franks Motion to Compel, PageID.1400), and joined a motion to access CHS and FBI agent cell phones. (R. 225: Caserta Motion to Compel, PageID.1260; R. 252: Franks Motion to Join, PageID.1375.) The government responded that it would follow the ordinary rules of discovery, and produce the materials required by law at the appropriate times. (R. 260: Government's Response, PageID.1427.)

2.       In August Franks filed a reply, which was mostly self-exculpating claim of entrapment. (R. 286: Reply Brief, PageID.1661.) He filed a supplemental brief reiterating that narrative. (R. 315: Supplemental Brief, PageID.1864.) He cited an internet story for evidence, and included a superfluous 2012 NPR link about the unrelated Ted Stevens prosecution. (*Id.*, PageID.1865, 1872.) Franks then accused the FBI – without evidence – of orchestrating a "cover

up," of "spoliation of evidence," of being "sinister," and of "suspected misconduct ... turning into a runaway train." (R. 316: Second Supplemental Brief, PageID.315-16.)

  3. On September 2, 2020, the Hon. Sally J. Berens, United States Magistrate Judge, conducted a hearing on the defendant's motions, and observed that his flurry of pleadings seemed to be intended more for the press than for the court. (R. 338: Hr'g Tr., PageID.2079.) Franks admitted he had no authority for the proposition that he was entitled to an informant's cell phone. (R. 338: Hr'g Tr., PageID.2072.) He failed to identify any authority for discovery of complete CHS files, relying instead on the conclusory argument, "[W]e think that there could be significant exculpatory evidence …it's all *Brady*." (*Id*., PageID.2082.) The Court noted, "Well, the problem is when you say we just don't know, that essentially demonstrates that this is a fishing expedition." (*Id*., PageID.2077.) The Court denied both motions. (R. 325: Order, PageID.1941.)

  4. On September 16, 2021, Franks appealed. (R. 343: Appeal, PageID.2136.) He restates the arguments from his earlier pleadings, but does not identify how Judge Berens' ruling was supposedly contrary to law or clearly erroneous. (*Id.*) He incorrectly asserts the government "will not even concede the exculpatory nature of things like financial inducements." (*Id*., at 2144.)  As to Franks' unsubstantiated claim that an FBI agent has a financial interest in the outcome of this case, the government actually stated, "[I]f we were to find out that there was some financial interest that would make him want to go out and entrap people, of course we would tell the defense about that." (R. 338: Hr'g Tr., PageID.2093.) As to CHS payments, the government committed to turning over the pertinent *Brady* and *Giglio* materials at the usual time. (*Id*., PageID.2094.)

5. Franks repeats his grave and unsubstantiated allegations of misconduct against two veteran FBI agents, apparently again for press consumption. (R. 343: Appeal, PageID.2147.) He refers to "this link between SA Chambers and a company looking to peddle its services in the intelligence community" as an established fact, even though the Court found it was based on an "[internet] article and very little else." (*Id.*, PageID.2140; R. 338: Hr'g Tr., PageID.2089.) He calls SA Impola a perjurer, without qualification or supporting evidence. (R. 343: Appeal, PageID.2148.) The record establishes only that a second defense attorney claimed a third defense attorney had made a "not … flippant, you know, accusation" to that effect in another case. (R. 338: Hr'g Tr., PageID.2046.) Franks does not tie these calumnies to his argument.

## LAW AND ARGUMENT

A district judge may refer nondispositive matters (that is, any matter that does not dispose of a charge or defense) to a magistrate judge for determination. Fed. R. Crim. P. 59(a). The rules of this district provide: "Dispositive motions are motions to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a case, to involuntarily dismiss an action, and other dispositive motions as defined by law." L. Cr. R. 47.1(a). All other motions are nondispositive. L. Cr. R. 47.2(a). That includes the discovery rulings Franks appeals here.

After the magistrate judge conducts the required proceedings and enters her order, a party may file objections within 14 days. Fed. R. Crim. P. 59(a). The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous. *Id.* A factual finding is clearly erroneous "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. McGee*, 494 F.3d 551, 554 (6th Cir. 2007), citing *Tran v. Gonzales*, 447 F.3d 937, 943 (6th Cir. 2006).

Franks identifies no grounds on this record to find Judge Berens' ruling was either contrary to law or clearly erroneous. His brief has authority for unremarkable things like the definition of entrapment, and the requirement to turn over *Brady* and *Giglio* materials. He provides no authority, however, for the proposition that he is entitled to fish through agent or informant phones for evidence. He provides no authority that he is entitled to fish through the files of any CHS for *Brady* material, either. The production of such material is the government's responsibility. *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987).

Franks argued he was entitled to such unprecedented access because the FBI supposedly could not be trusted. But he supported that argument only with speculation and unsupported accusations. That is simply not enough to leave this Court with the definite and firm conviction that the Magistrate Judge made a mistake in denying his motions.

                                                Respectfully submitted,

                                                ANDREW BYERLY BIRGE
                                                United States Attorney

Dated: September 27, 2021           /s/ *Nils R. Kessler*
                                                NILS R. KESSLER
                                                Assistant United States Attorney
                                                P.O. Box 208
                                                Grand Rapids, MI 49501-0208
                                                (616) 456-2404
                                                *nils.kessler@usdoj.gov*