# Exhibit A

## Declaration of Julie de Almeida
*Coordinating Discovery Attorney*

## Declaration of Julie de Almeida

Julie de Almeida declares and states:

1.      I am over the age of 18 and make these statements based upon my personal knowledge, information, and belief.

2.      I am an attorney practicing in New York, New York. I have been working on complex, voluminous, criminal federal cases as an attorney for approximately sixteen years.  I am also a Coordinating Discovery Attorney for the Administrative Office of the U.S. Courts, Defender Services Office. I work with defense counsel to help strategize ways to organize large volumes of discovery.

3.      My position stems from my experience working as a team member and organizing, maintaining, reviewing and preparing complex federal cases which has allowed me to learn and explore e-discovery tools and to provide and oversee e-discovery management from case preparation through trial. My experience includes training lawyers and paralegals on how to utilize and implement e-discovery tools in their practice, simplifying the process of case management and preparation.

4.      This declaration is made at the request of all defense counsel in this matter and contains a discovery update and analysis of all supplemental materials and to help the defense teams and the Court to better understand the discovery issues.

5. On November 30, 2021 the CDA office received back the 2-terabyte padlocked drive sent to the Government via overnight mail on September 13, 2021. There appeared to be two new folders of discovery on the drive: 1) 20210915 Fox Production and 2) 20211117 Fox Production.

6. On November 30, 2021 the copy was completed and the CDA confirmed the accuracy of the copy with BeyondCompare[1]

6. The drive contained 385-gigabyte of data in 31 folders and 124,782 files. The folders were labeled 20210915FoxProductionPDF, 20211117FoxProductionPDF and 20211117FoxPublishProduction plus 28 additional media folders.

7. The 20210915FoxProductionPDF contained 5,401 files ranging from bates stamps 0159259 through 0188122 and the 20211117FoxProductionPDF contained 8,422 files ranging from bates 0182060 through 0204182. Due to the overlap in bates ranges, the CDA team first tried to identify if the files with the same bates range in the two different folder productions were the

---

[1] Beyond Compare is a data comparison utility. Aside from comparing files, the program is capable of doing side-by-side comparison of directories, FTP and SFTP directories, Dropbox directories, Amazon S3 directories, and archives.

same or different in file content. Next, the CDA team began to compare the 28 media folders to determine if the content was new or reproduced. The non-media files appeared to contain 11,503 new files as well as 2,211 duplicate files.

8. After this analysis was performed the CDA team prioritized determining the number of and page count of newly produced documents files and the duration of newly produced audio and video files as well as a page count on document files. The new FoxProduction Folders contained 4,105 new pdf documents totaling 27,660 pages. The new FoxProduction Folders contained 2,896 new audio or video files (.avi, .mov, .mp3, .mp4, .mpg) totaling 595[2] hours in duration.

9. The analysis then focused on the 28 new media folders. These folders contained an additional 49 newly produced pdf documents totaling 289,142 pages and 7,453 new audio or video files (.aac, .m4a, .mov, .mp3, .mp4, .wav) totaling 319[3] hours in duration.

10. A deeper analysis of the underlying files revealed that many of the files produced were in non-native format. For example, 5,556 audio files related to jail calls for 7 folders were produced without the jail call player and the .html that provides the related call data. The related call data seems to be in multiple Excel spreadsheet (.xls) files per jail call folder making it virtually impossible to sort and filter the calls to prioritize review by date, time or dialed number. The calls themselves accounted for 62 hours[4] of duration.

11. The analysis also revealed that email files for Caserta, Franks and Harris had also been produced in non-native format - the emails had been cut and pasted into Microsoft Word documents with no way to check the accuracy of the content. Native email files are required to perform this task.

12. Additionally, non-native social media files were produced making it impossible for the CDA team to compare whether these files were new or part of a previously or simultaneously produced media folder.

---

[2] To review 595 hours of audio/video for forty (40) hours per week would take a reviewer 14.9 weeks if the files did not contain background noise, multiple persons speaking at the same time, and no notes were taken. With the background noise and other complications and the drafting of review notes, this time significantly increases.

[3] To review 395 hours of audio/video for forty (40) hours per week would take a reviewer 9.9 weeks if the files did not contain background noise, multiple persons speaking at the same time, and no notes were taken. With the background noise and other complications and the drafting of review notes, this time significantly increases. Bringing the total time for review of new audio/video to 25 weeks listening to each file once in real time and taking few notes.

[4] The jail calls consist of 5.424 calls for which there are call detail records and may be filtered by date, time and dialed number but do not have any corresponding line sheets, synopsis or transcripts.

13. On December 14, 2021 the CDA emailed the Government to outline these issues and request that native files be produced.

14. On December 7, 2021 the CDA office received forensic evidence from the FBI containing an image of the seized cellular phone of Harris. The drive contained 383-gigabyte of data to be produced as global discovery.

15. Due to the volume and complexity of the supplemental discovery, the CDA contacted defense counsel and described the concerns with the content and volume of data received.

16. The CDA team will continue to assist defense counsel with the management of discovery. As discovery items are produced, they will be checked to ensure that they are complete, are searchable where applicable, and audio and video converted to a common file type to play on any computer operating system. An assessment of the volume of discovery will be provided with each production received.

Julie de Almeida, Esq.
P.O. Box 1058
Bronx, New York 10471
Email: Julie@jdealmeidalaw.com
Telephone: (415) 305-1211
NYSB#447645

*Julie de Almeida*