THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

THE UNITED STATES OF AMERICA,

        Plaintiff,

v.

KALEB FRANKS,

        Defendant.

Case No. 1:20-CR-183

Hon. Robert J. Jonker
Chief U.S. District Court Judge

---

## DEFENDANT'S EXPERT DISCLOSURE

In accordance with this Court's orders and Federal Rules of Criminal Procedure 12.2(b)[1] and 16(b)(1)(C), Mr. Franks, through his attorney Scott Graham, offers this disclosure of a potentially testifying mental-health expert witness. *See* RE. 347: Order, PageID # 2155 (setting deadline for disclosure); RE. 359: Ex Parte Order, PageID # 2312-13. Mr. Franks plans to call at trial Dr. Michael Spierer, psychologist, and has attached his CV to this disclosure.

### *Psychologist Dr. Michael Spierer*

Dr. Spierer is currently in private practice in Wisconsin. He consults with groups as diverse as the Innocence Project at the University of Wisconsin Law School and the Wisconsin Professional Police Association. He has performed more than 3,000 forensic evaluations and has testified in numerous state and federal trials.

---

[1] Mr. Franks does not believe Rule 12.2 applies in the entrapment context. He will explore his position further below. But in accordance with the Court's direction, he has followed that rule here.

At this time, Dr. Spierer has met with Mr. Franks once. The defense is currently scheduling additional video conferencing between Dr. Spierer and Mr. Franks, but conflicts with the jail's available video-conferencing dates have arisen. (The pandemic, of course, has also complicated the logistics. Since the onslaught of COVID-19, Dr. Spierer has sent psychological test materials to individuals to complete and return by mail. The tests are accompanied by detailed instructions describing the administration process to custodial facilities and legal teams, so that Dr. Spierer's presence is not required. Currently, counsel has worked with the jail to schedule testing following this procedure and will conduct interviews via Zoom beginning on January 26, 2002.) Dr. Spierer has not yet penned any reports or conducted any formal testing with Mr. Franks. He has, however, indicated that his initial opinion with regard to Mr. Franks, and the issues of predisposition and inducement, suggest that Mr. Franks presents extraordinary susceptibility to influence and suggestion.

Dr. Spierer will testify regarding Mr. Franks's intellectual capacity, lifestyle, and life trajectory, beginning in childhood as well as in his adult life, especially regarding issues related to Mr. Franks's complete lack of parental support and lack of positive role models, especially male role models while growing up. Mr. Franks is a follower and has a need for affirmation and affection. He tries hard to please people, and his personality characteristics and life experiences appear to have made him quite vulnerable to the influence of others.

Dr. Spierer will testify that Mr. Franks was interested in firearms and woodcraft/outdoor survival skills and that he looked to these hobbies to fill his need for a social support system/network. With regard to Mr. Franks's history of drug abuse, Dr. Spierer will explore Mr. Franks's shift from addict to counselor, Mr. Franks's relationship with his own counselor, which facilitated this personal and professional evolution, Mr. Franks's efforts to change his life and to have his criminal record expunged as well as his search for new ways to conduct his life. He will discuss Mr. Franks's deep need for social acceptance and, as noted above, how that need dovetailed with Mr. Franks's search for community through hobbies and pastimes, including firearms and outdoor training. In a related vein, he will explain Mr. Franks's extraordinary aversion to rejection, ostracization, and shaming.

Courts have long held that "[t]estimony by an expert concerning a defendant's susceptibility to influence may be relevant to an entrapment defense." *See, e.g.*, *United States v. Hill*, No. 80-1202, 1980 U.S. App. LEXIS 11964, at *5 (3d Cir. Nov. 25, 1980). "An expert's opinion, based on observation, psychological profiles, intelligence tests, and other assorted data, may aid the jury in its determination of the crucial issues of inducement and predisposition." *Id.* at *5-*6. (Courts like the *Hill* court have also considered this sort of testimony in the entrapment context as distinct from other mental-health-related defenses. In *Hill*, the government argued on appeal "that the expert's testimony was properly excluded because appellant failed to comply with Fed. R. Crim. P. 12.2(b), by not notifying the Government of his intention to call an expert witness to testify to appellant's 'mental state.'" *See id.* at

3

\*6. Rule 12.2(b), however, as the court found, "applies only to defenses of mental disease or defect, neither of which is included in an entrapment defense." *Id.* \*6-\*7. Ultimately, the court found that Rule 12.2(b) did not apply in that entrapment case. *Id.* at \*7.)

With entrapment, predisposition and inducement sit at the forefront of trial. Dr. Spierer's testimony will shed critical light on these factors for the jury.

## *Conclusion*

Dr. Spierer's testimony will rest on expert scientific and specialized knowledge that will help the trier of fact to understand the evidence and consider the entrapment issues. *Compare* Fed. R. Evid. 702(a). His testimony will rest on data derived from testing and assessment methods accepted in the psychology community. *See* Fed. R. Evid. 702.

Respectfully submitted,

Date: January 14, 2022	**SCOTT GRAHAM PLLC**

By:	/s/ Scott Graham
	Scott Graham
	Attorney for Defendant
Business Address:
	1911 West Centre Avenue, Suite C
	Portage, Michigan 49024
	(269) 327.0585