THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

THE UNITED STATES OF AMERICA,

        Plaintiff,

v.

KALEB FRANKS,

        Defendant.

Case No. 1:20-CR-183

Hon. Robert J. Jonker
Chief U.S. District Court Judge

---

**DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OFFERED UNDER FRE 801(d)(2)(E) AND MEMO IN SUPPORT**

---

      In anticipation of the start of trial on March 8, 2022, Kaleb Franks now asks the Court to exclude from presentation to the jury evidence he anticipates the government will offer under Federal Rule of Evidence 801(d)(2)(E), namely supposed coconspirator statements made in furtherance of the alleged conspiracy in this case. Rule 16 discovery has supposedly closed. It has been 15 months since Mr. Franks provided the government with a written discovery demand. Despite this, the government simply can't carry its burden of showing a conspiracy existed, that Mr. Franks participated in such a conspiracy, and that any statements "furthered" such a conspiracy. In support of this motion, he offers the following memorandum of law.

### *Legal Discussion*

      With regard to proving matters necessary to establish the appropriateness of applying certain evidentiary rules and admitting evidence, the Federal Rules of

Evidence provide that, "[w]hen the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist," though "[t]he court may admit the proposed evidence on the condition that the proof be introduced later." Fed. R. 104(b). The Sixth Circuit has said specifically, that in the realm of admitting coconspirator statements, Federal Rule of Evidence 104(a) applies, so the trial court must decide the preliminary question about whether proffered evidence is admissible, namely whether the offered statements spring from an actual conspiracy, such that the statements at issue were "made by the party's coconspirator during and in furtherance of the conspiracy." *See* Fed. R. Evid. 104(a) & 801(d)(2)(E); *see also United States v. Enright*, 579 F.2d 980, 984 (6th Cir. 1978). In making the inquiry, "the court is not bound by evidence rules, except those on privilege." *See* Fed. R. 104(a). The analysis revolves around considerations of "basic reliability and [the] fairness of admitting the evidence." *See Enright*, 579 F.2d at 984.

The key preliminary questions in this context are: whether a conspiracy existed and whether the defendant participated in it. *See id.* at 987. Here, in Mr. Franks's case, the answers to these questions are "no." Mr. Franks's codefendants, and multiple individuals charged in state court, all affirm that Mr. Franks did not participate in any conspiracy. Some deny the existence of a conspiracy outright.

The government carries the burden of proving a conspiracy existed, that the defendant against whom the statement is offered was a member of the conspiracy, and that the statement was made in the course of and in furtherance of the

conspiracy. *See United States v. Bryan*, Nos. 93-1583/1584/1590/1694/1706/1748/1749/1750/1798, 1994 U.S. App. LEXIS 23939, at *15-16 (6th Cir. Aug. 29, 1994) (unpublished). A person makes a statement in furtherance of a conspiracy if they do so intending "to promote conspiratorial objectives"—the statement need not actually further the conspiracy. *United States v. Brewer*, 332 F. App`x 296, 303 (6th Cir. 2009). A coconspirator's statement may fall into this category if that statement prompts another to act in a manner that facilitates carrying out the conspiracy, or that serves as a necessary part of the conspiracy by concealing it or impeding an investigation. *Id.* Generally, statements that could fall under Rule 801(d)(2)(E) do not qualify as testimonial for purposes of analysis under *Crawford v. Washington*, 541 U.S. 36 (2004). *See id.*

The rule simply can't sweep into its sphere statements related to event planning, organizing recreational trainings, role playing, or political venting. *Compare* RE. 383: Motion to Admit Statements, PageID # 2572-73 (discussing role playing); RE. 379: Motion to Dismiss, PageID # 2532 (discussing family-friendly Cambria gathering). So when one considers the clear post-arrest interviews of people like Bill Null (who never mentions Mr. Franks), Barry Croft (who mentions Mr. Franks in passing as a younger Michigan guy who attended trainings), Pete Musico (who can't even pick Mr. Franks out of a photo array), and others, no evidence supports a finding that Mr. Franks participated in any sort of conspiracy, leaving Rule 801(2)(2)(E) inapplicable.

*Conclusion*

Mr. Franks asks this Court to find that the government cannot establish a conspiracy as a preliminary matter, and cannot place Mr. Franks within a conspiracy as a secondary matter. Rule 801(d)(2)(E) then does not apply to support admission of supposed coconspirator statements. (In the alternative, should the Court find some sort of conspiracy, and should the Court find that Mr. Franks participated in it, Mr. Franks asks the Court to make specific findings as to such an alleged conspiracy's scope and participants, because the men and women disclaiming any knowledge of Mr. Franks at all, or of his activities, certainly could not be his coconspirators.)

Respectfully submitted,

Date: January 14, 2022　　**SCOTT GRAHAM PLLC**

By:　/s/ Scott Graham
　　　Scott Graham
　　　Attorney for Defendant
Business Address:
　　　1911 West Centre Avenue, Suite C
　　　Portage, Michigan 49024
　　　(269) 327.0585

**CERTIFICATE OF COMPLIANCE**

In accordance with Local Criminal Rule 47.2(b)(ii), counsel asserts that this brief contains 766 words, as counted by Microsoft Word, version 16.56.

Dated: January 14, 2022

By: /s/ Scott Graham
    SCOTT GRAHAM
    Attorney for Defendant
Business Address:
    1911 West Centre Avenue, Suite C
    Portage, Michigan 49024
    (269) 327.0585
    sgraham@scottgrahampllc.com