THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

THE UNITED STATES OF AMERICA,

   Plaintiff,

v.

KALEB FRANKS,

   Defendant.

Case No. 1:20-CR-183

Hon. Robert J. Jonker
Chief U.S. District Court Judge

**DEFENDANT'S MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES AND MEMO IN SUPPORT**

In anticipation of the start of trial on March 8, 2022, Kaleb Franks asks the Court to consider granting the parties additional peremptory challenges to use during jury selection in this matter. In support of this motion, he offers the following memorandum of law.

## *Legal Discussion*

Generally, of course, in felony cases like this one, during voir dire, the government receives six peremptory challenges, and the defendants jointly have ten peremptory challenges *total* (to be shared among all the defendants). *See* Fed. R. Evid. 24(b)(2). A trial court "may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly." Fed. R. Evid. 24(b).

Mr. Franks now asks the Court to grant the defense a total of twenty-five peremptory challenges to share. In fairness to the government, he would also suggest allowing the government ten peremptory challenges. (The number of codefendants involved accounts for the difference in the proportional increase Mr. Franks is suggesting for each party.) Courts in analogous situations have looked favorably on increasing peremptory challenges. *See, e.g.*, *United States v. Darden*, 346 F. Supp. 3d 1096, 1105 (M.D. Tenn. 2018) ("If this case goes to trial in its present posture, the Court is inclined to grant Defendants' request to increase the number of peremptory challenges while at the same time correspondingly raising the number of Government peremptory challenges, so as to preserve the same ratio as that set forth in Rule 24.").

The manner in which peremptory challenges are exercised, of course, is a matter of local custom, one traditionally "left to the sound discretion of the district court." *United States v. Gibbs*, 182 F.3d 408 (6th Cir. 1999). Mr. Franks recognizes these principles. Given the breadth of this case, he simply asks the Court to consider increasing the number of peremptory challenges. (Should the Court feel inclined to go even one step farther, allocating a certain number of challenges to each individual defendant could obviate potential conflicts during voir dire as well, but Mr. Franks does not think this issue is as pressing as that of simply increasing the overall number of challenges available to the defense as a whole. *See, e.g.*, *id.* ("Although we think, with the benefit of hindsight, that it would have been better for the district judge to have allocated a certain number of challenges to each defendant in light of the conflict

that arose, none of the defendants explains how the district court's method prejudiced the trial or interfered with the right to an impartial jury.")).

## *Conclusion*

Given the political issues, media exposure, number of codefendants, and intricate legal concerns involved in this case, granting the parties additional peremptory challenges could aid the voir dire process and better ensure a fair and impartial jury.

Respectfully submitted,

Date: January 14, 2022          **SCOTT GRAHAM PLLC**

By: /s/ Scott Graham
    Scott Graham
    Attorney for Defendant
Business Address:
    1911 West Centre Avenue, Suite C
    Portage, Michigan 49024
    (269) 327.0585

# **CERTIFICATE OF COMPLIANCE**

In accordance with Local Criminal Rule 47.2(b)(ii), counsel asserts that this brief contains 461 words, as counted by Microsoft Word, version 16.56.

Dated: January 14, 2022

By: /s/ Scott Graham
    SCOTT GRAHAM
    Attorney for Defendant
Business Address:
    1911 West Centre Avenue, Suite C
    Portage, Michigan 49024
    (269) 327.0585
    sgraham@scottgrahampllc.com