THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

THE UNITED STATES OF AMERICA,

        Plaintiff,

v.

KALEB FRANKS,

        Defendant.

Case No. 1:20-CR-183

Hon. Robert J. Jonker
Chief U.S. District Court Judge

**DEFENDANT'S MOTION TO ALLOW PRESENTATION OF EVIDENCE DEMONSTRATING GOVERNMENT'S "CONSCIOUSNESS-OF-GUILT" WITH REGARD TO ITS USE OF ENTRAPMENT AND MEMO IN SUPPORT**

While this case boils toward trial, the country is in the midst of a critical debate over the illegal and unethical use of confidential informants and undercover investigative agents. On January 12, multiple news outlets ran stories about Senator Ted Cruz's demand that the FBI explain its use of undercover agents and confidential informants in relation to the events of January 6, 2021. *See, e.g.*, Amanda Prestigiacomo, "Journalist Glenn Greenwald Asks Four Questions About Jan. 6 and the FBI," *Daily Wire* (Jan. 12, 2021), *available at* https://www.dailywire.com/news/journalist-glenn-greenwald-asks-four-questions-about-jan-6-and-the-fbi. Mr. Franks does not want to bog this Court down with the accusations getting flung across the media, the cries of "conspiracy theory" surrounding some of these allegations, or the politics of these affairs. But the fact remains: legislators are

demanding accountability from the FBI . . . and getting no answers. The situation smacks of the agency's consciousness of overreaching.

Given the overreaching already discussed in this case, Mr. Franks now asks the Court to allow him to raise these wider, national concerns at trial. In the alternative, he asks the Court to take these concerns into consideration and consider the defense's motion to dismiss against this backdrop, with the jurisprudence of "objective" entrapment and due-process violations coming to the forefront. *See* RE. 379: Motion to Dismiss, PageID # 2534 n.6; RE. 399: Def. Supp. to Motion to Dismiss, PageID # 2789 n.4.

## *Legal Discussion*

Federal Rule of Evidence 401 provides that relevant evidence is evidence that has any tendency to make a fact of consequence more or less probable than the fact would be without the evidence. Fed. R. Evid. 401. A national inquiry into FBI use of confidential informants and undercover agents, and that agency's representative's refusal to answer elected officials' inquiries, certainly tends to make the issue of government misuse of such informants and agents more likely.

When the proverbial shoe is on the other proverbial foot, the government, of course, is quite quick in crying, "consciousness of guilt." Sixth Circuit Pattern Criminal Jury Instruction 7.14 provides that evidence of "flight," "concealment of evidence," or "false exculpatory statements" "may indicate that [the defendant] thought he [or she] was guilty and was trying to avoid punishment." The committee commentary to the instruction posits that "[t]he fact that a defendant attempts to

2

fabricate or conceal evidence indicates a consciousness that his case is weak and from that the defendant's guilt may be inferred."

The FBI has certainly *concealed* the details of its use of informants and undercover agents in relation to the January 6 events and regarding its policies on their use generally. (Counsel can appreciate the issues inherent in these public discussions for a law-enforcement agency, but at this point in the game, it seems fair to expect some sort of answer from the agency, given the gravity of the January 6 events and the national concern about law-enforcement overreaching.) Under the jury instruction's reasoning, and the committee's analysis, the agency has exhibited consciousness of guilt.

With regard to how this consciousness fits into the defense's motion to dismiss, the issue of "objective" entrapment comes to the forefront. As the defense has hit on a few times now, case law discusses two forms of entrapment and two courses for defendants arguing in favor of a finding of entrapment as a matter of law. *See, e.g.*, RE. 379: Motion to Dismiss, PageID # 2534 n.6; RE. 399: Def. Supp. to Motion to Dismiss, PageID # 2789 n.4. One involves the more prevalent position that a defendant's predisposition/lack of predisposition plays a role in the analysis. *See, e.g., United States v. Tucker*, 28 F.3d 1420, 1422, 1424 (6th Cir. 1994); *see also McIntyre v. United States*, 336 F. Supp. 2d 87, 116-17 & n.25 (D. Mass. 2004) (discussing cases). Another looks solely to the government's egregious conduct, without regard to the defendant's proclivities, implying that government conduct can rise to such an outrageous level as to justify dismissal with or without a

showing that the defendant was not predisposed to commit the offense at issue. *See, e.g.*, *United States v. Tucker*, 28 F.3d 1420, 1422, 1424 (6th Cir. 1994); *see also McIntyre v. United States*, 336 F. Supp. 2d 87, 116-17 & n.25 (D. Mass. 2004) (discussing cases).

If national leaders are expressing concern about FBI overreaching in the realm of informant use and deployment of undercover agents, this latter idea of "objective" entrapment must assume a greater jurisprudential role.

## *Conclusion*

Current national inquiries into FBI policy (on just the sort of overreaching use of confidential informants and undercover agents at issue in this case), and the agency's refusal to address the issue, indicate a sort of government "consciousness of guilt" with regard to egregious government investigative conduct, overreaching, and entrapment. This consciousness is relevant to the specific entrapment issues Mr. Franks will present at trial. Mr. Franks asks the Court to allow him to present to the jury evidence related to these national inquiries. In the alternative, he asks the Court to consider this evidence in the context of the defense's motion to dismiss and objective-entrapment arguments.

Date: January 14, 2022          **SCOTT GRAHAM PLLC**

                                           By: /s/ Scott Graham
                                               Scott Graham
                                               Attorney for Defendant
                                  Business Address:
                                               1911 West Centre Avenue, Suite C
                                               Portage, Michigan 49024
                                               (269) 327.0585

**CERTIFICATE OF COMPLIANCE**

In accordance with Local Criminal Rule 47.2(b)(ii), counsel asserts that this brief contains 847 words, as counted by Microsoft Word, version 16.56.

Dated: January 14, 2022

By: /s/ Scott Graham
SCOTT GRAHAM
Attorney for Defendant
Business Address:
1911 West Centre Avenue, Suite C
Portage, Michigan 49024
(269) 327.0585
sgraham@scottgrahampllc.com