THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

    Plaintiff,

v.

KALEB FRANKS,

    Defendant.

Case No. 1:20-CR-183

Hon. Robert J. Jonker
Chief U.S. District Court Judge

**DEFENDANT'S MOTION TO BAR EVIDENCE UNDER *BRUTON* AND *CRAWFORD* AND MEMO IN SUPPORT**

    Five men face going to trial together in this matter in March. Some of these men have made inculpatory out-of-court, testimonial statements. Inevitably, the government will seek to present those statements against those codefendants. But multiple witnesses have disclaimed knowing Mr. Franks or having seen Mr. Franks involved in the events alleged by the government. Even some of Mr. Franks's codefendants have explicitly denied his involvement in the government's alleged events, discussions, and planning.

    With this mix of evidence and individuals, Mr. Franks faces the critical threat of unfair, highly prejudicial "spillover" from the inculpatory out-of-court statements of other codefendants. The Supreme Court has said his Confrontation Clause rights protect him from this spillover, so he now asks the Court to exclude from trial out-of-court statements of his codefendants and other witnesses under

Federal Rules of Evidence 401, 402, 403, *Bruton v. United States*, 391 U.S. 123 (1968), *Crawford v. Washington*, 541 U.S. 36 (2004), and other case law.

## *Legal Discussion*

Mr. Franks faces trial with four codefendants, some of whom have made out-of-court admissions, some of which may be interpreted as incriminating. These statements will come in against Mr. Franks's codefendants, but under the Supreme Court's clear rulings in *Bruton v. United States*, 391 U.S. 123 (1968) (and even *Crawford v. Washington*, 541 U.S. 36 (2004)), Mr. Franks should not be subject to unfair, highly prejudicial "spillover" from these statements. Redaction can't save the statements. It would only draw juror attention to the omissions. This evidence is irrelevant against Mr. Franks. Antagonistic defenses seem to be developing. The situation is ripe for reconsideration of severance and/or suppression of material that would violate Mr. Franks's rights under the Confrontation Clause and under case law. Under *Bruton* (and even *Crawford*), the government should not be allowed to present these statements, or Mr. Franks should be tried apart from the codefendants against whom the statements are admissible.

    A.    *These statements are irrelevant and unfairly prejudicial in relation to Mr. Franks, so Rules 401, 402, and 403 bar their admission against him, and these statements present serious concerns under* **Crawford.**

"Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." *Crawford*, 541 U.S. at 68-69. If the government wishes to introduce out-of-court statements from a declarant who is available to testify, it can

only do so if it puts that declarant on the stand and opens them up to cross-examination. In *Crawford*, the state admitted a witness's testimonial statement against the petitioner, "despite the fact that he had no opportunity to cross-examine her," and that alone was "sufficient to make out a violation of the Sixth Amendment." *Id.* at 68. The Court declined "to mine the record in search of indicia of reliability"; "[w]here testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." *Id.* at 68-69.

Inculpatory out-of-court statements of codefendants directed against *those* codefendants are irrelevant against Mr. Franks and inadmissible under Rules 401 and 402; unfairly prejudicial for Mr. Franks under Rule 403; and extremely problematic from a confrontation perspective when Mr. Franks will not be able to call the declarants to the stand and examine them.

### B. The Supreme Court's decision in Bruton *militates in favor of excluding from Mr. Franks's trial statements from non-testifying codefendants.*

Much of the evidence that seems likely to come in at this multi-defendant trial will relate only to Mr. Franks's codefendants. Multiple anticipated witnesses have indicated, in their statements to which the defense has access, that they did not know Mr. Franks, that they don't even recognize Mr. Franks, that Mr. Franks was not involved, and similar things affirming they can offer nothing against Mr. Franks. If these witnesses' testimony, and related evidence, "spills over" onto Mr. Franks, however, the danger of unfair prejudice is overwhelming. Likewise, in the

3

context of out-of-court statements by codefendants, which the government will inevitably seek to present against Mr. Franks's codefendants, the risk of unfair prejudice looms large, and has been recognized by the Supreme Court in *Bruton v. United States. See also United States v. Vasilakos*, 508 F.3d 401, 407 (6th Cir. 2007); Fed. R. Evid. 403.

The *Bruton* Court's admonitions bear repeating: "Such a context is presented here, where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial." *Bruton*, 391 U.S. at 135-36. In this situation, "[n]ot only are the incriminations devastating to the defendant but their credibility is inevitably suspect, a fact recognized when accomplices do take the stand and the jury is instructed to weigh their testimony carefully given the recognized motivation to shift blame onto others." *Id.* at 136. The unreliability of this kind of "evidence is intolerably compounded when the alleged accomplice . . . does not testify and cannot be tested by cross-examination." *Id.* It was against exactly "such threats to a fair trial that the Confrontation Clause was directed." *Id.*

Essentially, "[i]n *Bruton*, the Supreme Court held that the Confrontation Clause is violated by the introduction of an incriminating out-of-court statement by a non-testifying co-defendant, even if the court gives a limiting instruction that the jury may consider the statement only against the co-defendant." *United States v. Ford*, 761 F.3d 641, 652 (6th Cir. 2014). Because no limiting instruction can protect Mr. Franks from the unfair prejudice of the statements at issue, those statements

4

should not come before the jury. They should be excluded from trial or Mr. Franks should be tried separately from codefendants here (as he has already suggested in his motion to sever, which he suggests calls for reconsideration now in light of these evidentiary issues and the antagonistic defenses to which they give rise). Justice White in *Bruton* acknowledged the need for such separate trials: "The rule which the Court announces today will severely limit the circumstances in which defendants may be tried together for a crime which they are both charged with committing." *Bruton*, 391 U.S. at 143 (White, J., dissenting).

Unlike in *Ford*, in which the Sixth Circuit considered statements that did not name the defendant at all, circumstances here suggest the government will not leave Mr. Franks's name out of any hearsay related to his codefendants. *Cf. Ford*, 761 F.3d at 654. Nor would "redaction" and replacement with a "neutral term" (like "another person") work here. *See Vasilakos*, 508 F.3d at 408. Rather, such redaction and replacement would draw attention to Mr. Franks, since he stands accused in the alleged conspiracy and much of the evidence at issue relates to supposed group discussion and electronic exchanges, and group gatherings, where redaction and replacement is likely to confuse jurors and draw attention, rather than protect the redacted party. *Cf. Vasilakos*, 508 F.3d at 408 ("Because the government was prosecuting multiple defendants for participation in an alleged conspiracy to defraud . . . , the declarant-codefendants' deposition statements did not ineluctably implicate Vasilakos or Lent."). Redaction methodology here could lead to just the sort of inferences that could unfairly implicate Mr. Franks, and which involve

5

inferences a jury "ordinarily could make immediately," even were the statements the first evidence introduced at trial. *See id.*

## *Conclusion*

Mr. Franks doesn't feature in the out-of-court statements and interviews of many of his codefendants, and of the defendants charged in related state cases, and of other anticipated witnesses. He doesn't feature in much of this evidence. Yet he will inevitably face unfair, highly prejudicial "spillover" from evidence and testimony at trial. Mr. Franks asks the Court to exclude such evidence from trial (or in the alternative, he renews his motion to sever, with the addition of the presence of antagonistic defenses now).

Respectfully submitted,

Date: January 14, 2022   **SCOTT GRAHAM PLLC**

By: /s/ Scott Graham
  Scott Graham
  Attorney for Defendant
 Business Address:
  1911 West Centre Avenue, Suite C
  Portage, Michigan 49024
  (269) 327.0585

**CERTIFICATE OF COMPLIANCE**

In accordance with Local Criminal Rule 47.2(b)(ii), counsel asserts that this brief contains 1,297 words, as counted by Microsoft Word, version 16.56.

                                        Respectfully Submitted,

                                        By: /s/ Scott Graham

Dated: January 14, 2022            SCOTT GRAHAM
                                            Attorney for Defendant
                                Business Address:
                                      1911 West Centre Avenue, Suite C
                                      Portage, Michigan 49024
                                      (269) 327.0585
                                      sgraham@scottgrahampllc.com