THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

THE UNITED STATES OF AMERICA,

        Plaintiff,

v.

KALEB FRANKS,

        Defendant.

Case No. 1:20-CR-183

Hon. Robert J. Jonker
Chief U.S. District Court Judge

---

### DEFENDANT'S MOTION TO EXCLUDE STATEMENTS AND MEMO IN SUPPORT

With trial looming, defendant Kaleb Franks, through counsel, asks the Court to exclude from presentation to the jury certain irrelevant and/or unfairly prejudicial statements. In support of this motion, he offers the following memorandum of law.

*Legal Discussion*

The Federal Rules of Evidence, of course, bar admission of irrelevant evidence. Rule 402 couldn't be clearer: "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Rule 401 defines relevant: evidence qualifies as relevant if it has any tendency to make a fact of consequence more or less probable than the fact would be without the evidence. Fed. R. Evid. 401. Even relevant evidence, however, may not come in at trial. The rules bar admission of unfairly prejudicial evidence, even if that evidence may be relevant. Rule 403 provides trial courts with the power to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more

of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Rule 106 protects against parties taking evidence out of context. It provides that, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106.

In Mr. Franks's case, the defense anticipates a government effort to present certain irrelevant and/or highly inflammatory/unfairly prejudicial evidence. Many of these statements present serious issues of context. For example, the government seems to be claiming that Mr. Franks made certain "inculpatory" statements by joining in on text/messaging chains long after the most recent prior text had registered on that chain. The government is claiming that these late-in-the-chain statements relate back to earlier discussions by others. In fact, the statements (as with so much with texting and messaging) are ambiguous at best. Likewise, the text/messaging exchanges overflow with ambiguity in general. For example, an August 11, 2020 exchange includes a message from one person about being "full steam ahead against Tyranny" and another person expressing repulsion toward pedophiles and asking if the group could collectively agree on condemning pedophilic behavior. Mr. Franks texted, "Count me in." The government is trying to paint Mr. Franks's text as inculpatory and supposedly relating to being full steam ahead

against tyranny; Mr. Franks has explained he was asking to be counted in with regard to condemning pedophilia.

Another example arises with an August 9 electronic chat exchange. A CHS texted the group about "targets" (namely, a soft target) at 8:36 p.m. Mr. Franks expressed confusion (he had recently been with the group at a training in Munith and may have left early; he left some of the trainings early and he sometimes did not participate in all the gatherings and discussions). He said he thought he had missed something (at Munith). Mr. Franks and the CHS had a parallel private exchange, and Mr. Franks texted the CHS alone (*not* addressing the group) that he was "down for anything" that was "well planned." Mr. Franks was *not* responding to the "targets" message in the group exchange. It seems he was not at one of the small group meetings at Munith (though he may have been at another; it seems that he and Ty Garbin agreed that kidnapping was a bad idea, saying something to the effect at one of the meetings, namely that kidnapping was just as bad as going to the capitol, which was a bad idea). Essentially, the government is now assiduously working to put words in Mr. Franks's mouth.

The danger here comes in three forms: (1) the government is taking irrelevant statements and linking them to other people's messages to try to create a scenario where Mr. Franks's was participating in planning and discussions he actually took no part in; (2) the government is taking statements completely out of context, exploiting passages of time that may not be easy for a jury to discern or appreciate; and (3) the government is linking chat topics that were not linked in the message

sender's (Mr. Franks's) mind. Allowing the government to present Mr. Franks's statements like this raises the specter of irrelevant evidence coming in at trial. It would also create significant unfair prejudice, with the statements (even if relevant) offering no true probative value. And while presenting the full context of the statements under Rule 106 could help a little, the risk of jurors getting significantly confused and misled does *not* go away.

## *Conclusion*

Mr. Franks asks the Court to preclude the government's presentation of supposedly inculpatory statements from Mr. Franks, especially those in electronic exchanges taken out of context.

Respectfully submitted,

Date: January 14, 2022         **SCOTT GRAHAM PLLC**

By:   /s/ Scott Graham
    Scott Graham
    Attorney for Defendant
Business Address:
    1911 West Centre Avenue, Suite C
    Portage, Michigan 49024
    (269) 327.0585

## **CERTIFICATE OF COMPLIANCE**

In accordance with Local Criminal Rule 47.2(b)(ii), counsel asserts that this brief contains 794 words, as counted by Microsoft Word, version 16.56.

                                                   Respectfully Submitted,

                                                   By: /s/ Scott Graham

Dated: January 14, 2022                       SCOTT GRAHAM
                                                       Attorney for Defendant
                                                Business Address:
                                                       1911 West Centre Avenue, Suite C
                                                        Portage, Michigan 49024
                                                        (269) 327.0585
                                                        sgraham@scottgrahampllc.com