THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

THE UNITED STATES OF AMERICA,

    Plaintiff,

v.

KALEB FRANKS,

    Defendant.

Case No. 1:20-CR-183

Hon. Robert J. Jonker
Chief U.S. District Court Judge

---

**DEFENDANT'S MOTION FOR ORDER REQUIRING THE GOVERNMENT TO OBTAIN AN ORDER OF USE IMMUNITY FOR THE FBI AGENTS AND CONFIDENTIAL HUMAN SOURCES INVOLVED IN THE INVESTIGATION IN THIS CASE, AND IN THE ALTERNATIVE, TO DISMISS COUNT ONE OF THE SUPERSEDING INDICTMENT**

---

Kaleb Franks requests this Court enter an order requiring the government to obtain orders of use immunity for the FBI agents and confidential human sources involved in the investigation in this case. If the order enters and the government refuses to obtain orders for use immunity, Mr. Franks requests the Court dismiss count one of the superseding indictment.

The investigation in this case was based primarily on the efforts of FBI agents and confidential human sources. These people were intertwined in the alleged criminal activity. Normally, these people would testify at trial and would answer relevant questions posed by both sides to the case. The entrapment defense directed at both groups would be argued by the parties and decided by the jury. This case, however, is different from most. It is now apparent that a number of both the

agents and sources have reason to refuse to testify by invoking their Fifth Amendment rights against self-incrimination. The testimony of the people in both groups is crucial to the presentation of a defense in this case. Mr. Franks therefore asks for an order compelling the government to obtain orders for use immunity for its agents and sources.

A prosecutor's grant of immunity is governed by 18 U.S.C. § 6002, et seq, which provides the prosecutor with the sole authority to grant "use immunity." The Sixth Circuit has held that federal courts lack the inherent power to immunize witnesses, even where the testimony of such witnesses is essential to the presentation of an effective defense. *See United States v. Pennell*, 737 F.2d 521, 526-527 (6th Cir. 1984), *cert denied*, 469 U.S. 1158 (1985). In *United States v. Mohney*, 949 F.2d 1397 (6th Cir. 1991), however, the court affirmed the denial of a use-immunity request because the defendant could not overcome the government's interest in rejecting the request. Although recognizing the *Pennell* decision, the court identified two theories that might support a grant of immunity to a defense witness.

Under one of those theories, the effective-defense theory, witness immunity is available when it is properly sought in the district court, the witness is available to testify, the proffered testimony is both essential and clearly exculpatory, and no

strong governmental interests countervail against a grant of immunity. *See id.* at 8 (citing *Virgin Islands v. Smith*, 615 F.2d 964, 972 (3d Cir. 1980)).[1]

Here, the only factor that the government could place in issue is the question of whether the testimony in question is "both essential and clearly exculpatory." Testimony from CHS Steve will establish repeated violations of FBI policies in handling CHSs, making it both essential and exculpatory. Testimony from FBI agents will establish exactly what they did to violate FBI rules and what they did to orchestrate the activity set forth in the superseding indictment.

## CONCLUSION

For these reasons, Mr. Franks moves this Court to enter an order requiring the government to obtain orders for use immunity for the FBI agents and confidential human sources involved in the investigation in this case. In the alternative, if the government refuses to comply with an order requiring it to obtain immunity orders, Mr. Franks moves the Court to dismiss count one of the superseding indictment.

Date:  January 14, 2022                  **SCOTT GRAHAM PLLC**
By:  */s/ Scott Graham*
Scott Graham
    Attorney for Defendant Kaleb Franks
Business Address:
    1911 West Centre Avenue, Suite C
    Portage, Michigan 49024
    Telephone: (269) 327-0585
    Email: sgraham@scottgrahampllc.com

---

[1] The second developing theory, based on prosecutorial misconduct, has not been the subject of a decision by the court. The defendant does not advance the theory here based on the present facts. If such facts arise, the defendant will present a request for immunity based on the theory.