UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      No. 1:20-cr-183

vs.                                    Hon. Robert J. Jonker
                                            Chief United States District Judge

KALEB JAMES FRANKS,

        Defendant.
_____/

## GOVERNMENT'S MOTION TO STRIKE PLEADINGS

Franks' latest tranche of pretrial motions includes four motions in limine filed nearly a month after the deadline, on the eve of the scheduled hearing. He has not sought leave of court or offered good cause for the late filing. For the second time in a month, Franks has also re-filed a motion this Court already denied. For the reasons stated below, the Court should strike ECF Nos. 401, 404, 408, 409, and 410.

## FACTS

1.     Defendant Franks was arrested for conspiracy to kidnap the Governor of Michigan in October 2020. In the last year, he has filed or joined at least 14 pretrial motions,[1] not including two motions to postpone the trial. One was a

---

[1] R. 216: Motion for early disclosure of witnesses; R. 219: Motion for *Brandenburg* jury instruction; R. 221: Motion for *Strictissimi Juris* jury instruction; R. 225: Motion for discovery of agent cellular telephones; R. 228: Motion for unique juror questionnaire; R. 230: Motion for change of venue; R. 232: Motion to sever defendant; R. 241: Motion to exclude evidence under Fed. R. Evid. 403; R. 234: Motion to pinpoint exculpatory evidence; R. 238: Motion to pinpoint co-conspirator statements; R. 248-1: Motion to compel disclosure of CHS communications; R. 258: Motion

"virtually exact" repeat of a motion the Court had already denied, which the Court denied again. (R. 382, PageID.2552.)

2. After the latest defense-requested adjournment of the trial, the Court set a deadline of December 17, 2021 for filing additional motions in limine, and January 14, 2022 for all other motions. (R. 2155: Order setting dates, PageID.2155.) The court directed the government to respond to the motions in limine by January 7, 2022, and set a hearing for January 18, 2022. (*Id.*)

3. Franks filed a motion for more time to file more motions. (R. 395.) The Court found he had not shown good cause to extend the deadline, and noted, "The current schedule is the result of the Court's consultation with all parties to construct a timetable that permitted both sides to raise important pre-trial issues in a way that allowed thoughtful deliberation but that did not risk jamming the trial schedule, or generating trial disruptions." (*Id*, PageID.2718.)

4. Between four and 11 p.m. on Friday January 14, Franks filed eight more pretrial motions, bringing his total to 22. Four are motions in limine, filed almost a month after the deadline. (R. 404: Motion to exclude co-conspirator statements; R. 408: Motion to exclude transcripts; R. 409: Motion to exclude *Bruton* and *Crawford* statements; R. 410: Motion to exclude statements under Fed. R. Evid. 403.) A fifth is another repeat of a motion the Court has already denied. (R. 401: Defendant's renewal of motion to compel discovery, PageID. 2793; Compare R. 258: Motion for disclosure of CHS records; R. 325: Order denying ECF No. 258.)

---

for disclosure of CHS records; R. 374: Motion to pinpoint exculpatory evidence; R. 379: Motion to dismiss superseding indictment.

LAW AND ARGUMENT

A motion in limine is a request for guidance by the court regarding an evidentiary question. *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983). A motion in limine generally requests the court to exclude specific testimony, exhibits, or other matter that is alleged to be inadmissible or prejudicial. *28 Moore's Federal Practice – Criminal Procedure § 659.08* (2021).

District courts are empowered to set their own deadlines for pretrial motions, and to schedule motion hearings accordingly. Fed. R. Crim. P. 12(c)(1). Failure to request leave of court to file out-of-time "alone is sufficient cause to deny the motion." *United States v. Booher*, 428 F. Supp. 3d 840, 844 (E.D. Tenn. 2021). It is of course within the Court's discretion to grant a delay. *United States v. Nero*, No. 17-cr-20183-5, 2020 U.S. Dist. LEXIS 232802, at *3-4 (E.D. Mich. Dec. 11, 2020) (delay granted where defendant showed good cause, and supplemental briefing would not delay a trial set five months in the future.)

ECF Nos. 404, 408, 409, and 410 are all motions in limine, because they request the exclusion of specific testimony, exhibits or other matter Franks alleges to be inadmissible or prejudicial. He has not requested leave of court to file these motions out-of-time, and has not even attempted to show good cause. On the contrary, all four motions seek the exclusion of matters Franks has had for months. As the Court has noted, the pretrial motion schedule was carefully crafted to allow both sides a fair opportunity to brief the issues. These motions were filed a week

past the government's deadline to respond to them, at the eleventh hour before the hearing.

Franks will not be prejudiced if these motions are stricken. "A ruling on a motion *in limine* is essentially an advisory opinion by the trial court." *Luce*, 713 F.2d at 1239. If the government offers evidence that is either inadmissible or unfairly prejudicial, Franks can lodge a spontaneous objection at trial.

In the alternative, the Court can deny the motions for lack of substantive merit. In ECF No. 404, he moves to exclude co-conspirator statements on the premise that the government will be unable to prove the existence of a conspiracy. (PageID.2811.) But the court can admit co-conspirator statements on the condition that proof of the conspiracy be introduced later. Fed. R. Evid. 104(b); *United States v. Enright*, 579 F.2d 980, 984 (6th Cir. 1978). And a co-conspirator statement can suffice to prove the existence of the conspiracy all by itself. *Bourjaily v. United States*, 483 U.S. 171, 180, 107 S. Ct. 2775, 2781 (1987). But in this case, the Court has long had convincing evidence the conspiracy existed: Ty Garbin pled guilty to conspiring with Franks, and is already serving his time. (R. 142: Plea Agreement, PageID.746-50; R. 143: Minutes of Change of Plea.)

In ECF No. 408, Franks moves to preclude "inaccurate transcripts" from being entered as substantive evidence. (PageID.407-08.) The parties have not yet exchanged transcripts of the recordings they intend to introduce as evidence, making his motion both premature and moot. In any event, transcripts are not

4

evidence, and the procedures for handling them are well known to the Court. *See, Sixth Circuit Pattern Jury Instruction* 7.17(2), and Committee Commentary 7.17.

In ECF No. 409, Franks seeks to exclude evidence under *Bruton v. United States*, 391 U.S. 123 (1968). (PageID.2846). In *Bruton*, the Supreme Court held that the Confrontation Clause of the Sixth Amendment is violated by the introduction of an incriminating out-of-court statement by a non-testifying co-defendant, even if the court gives a limiting instruction that the jury may consider the statement only against the co-defendant. 391 U.S. 123, 136-37 (1968); *see also United States v. Ford*, 761 F.3d 641, 652 (6th Cir. 2004). The *Bruton* rule only covers statements that facially implicate or incriminate the co-defendant. *Id.*

The Sixth Circuit has held that "the introduction of a declarant-codefendant's self-incriminating, extra-judicial statement, in a joint trial, where the [non-declarant] defendant's name is redacted and a neutral term is substituted, avoids any Sixth Amendment or *Bruton* violation." *United States v. Vasilakos*, 508 F.3d 401, 408 (6th Cir. 2007). This type of substitution does not violate the Confrontation Clause if the sanitized statement does not "ineluctably implicate" the non-declarant co-defendant. *Id.*

Franks does not identify any particular statements that he wants to exclude under *Bruton*. The government will not, in any event, play the video-recorded statements of other defendants that directly inculpate Franks. The recordings and testimony of the co-defendants' post-arrest interviews will be curated to avoid the confrontation clause issues identified in *Bruton*.

5

Franks also cites *Crawford v. Washington*, 541 U.S. 36 (2004), which limits the admission of testimonial hearsay. (PageID.2836-37.) Franks does not identify any statements he wants to suppress under this rule either, but argues that "[i]f the government wishes to introduce out-of-court statements from a declarant who is available to testify, it can only do so if it puts that declarant on the stand and opens them up to cross-examination." (PageID.2837). *Crawford* does not say that; a point Franks concedes himself in ECF No. 404: "Generally, statements that could fall under Rule 801(d)(2)(E) do not qualify as testimonial for purposes of analysis under *Crawford v. Washington*." (PageID.2813.) "Statements by coconspirators made to further the conspiracy are not testimonial." *United States v. Brewer*, 332 F. App'x 296, 303 (6th Cir. 2009) (quoting *United States v. Mooneyham,* 473 F.3d 280, 286 (6th Cir. 2007).

In ECF No. 410, Franks cites Fed. R. Evid. 401 and 403 for the unremarkable proposition that irrelevant evidence is inadmissible, and even relevant evidence can be excluded if unfairly prejudicial. (PageID.2842-43.) He cites several of his own objectively incriminating statements (e.g. "Count me in," and "I'm down for anything, as long as it's well planned"), and claims he did not mean those things the way they sound. (PageID.2844.) Franks is free to tell the jury that from the witness stand, or his attorney can make those arguments for him.

"Relevant evidence is inherently prejudicial" but it is excluded under Rule 403 only if it is unfairly prejudicial *and* that prejudice substantially outweighs its probative value. *See United States v. Bonds*, 12 F.3d 540, 574, n 30 (6th Cir. 1993)

6

(quoting *United States v. Mills*, 704 F.2d 1553, 1560 (11th Cir. 1983)). "Evidence is unfairly prejudicial when it 'tends to suggest decision on an improper basis,' but is not unfairly prejudicial when it only damages the defendant's case due to the legitimate probative force of the evidence." *United States v. Houston*, 813 F.3d 282, 291 (6th Cir. 2016).

Finally, ECF No. 401 ("Defendant's Renewal of Motion to Compel Discovery") is not a motion in limine. It is, however, the same motion he filed last July, which the Court denied after a hearing in September. (R. 325: Order denying ECF No. 258). In this district, "motions for reconsideration which merely present the same issues ruled upon by the court shall not be granted." L.Cr.R. 47.3. For the court to entertain a motion for reconsideration, the movant must "not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof." *Id.*

Franks claims circumstances have changed since he last filed this motion, but offers only his own characterizations of "CHS overreaching" to support the same claim that the CHS files are "all *Brady*." (R. 338: Mot. Hr'g Tr., PageID.2082.) Under the "law of the case" doctrine, "a decision on an issue at one stage of a case should be given effect in later stages of the same case." *United States v. Perez*, 178 F.3d 1297 (6th Cir. 1999). While a court is not precluded from revisiting a prior ruling, ordinarily it should not do so, and defendants have given no reason for the Court to depart from the ordinary rule here. *See, e.g., United States v. Allen*, No. 3:12-CR-90-TAV-HBG, 2014 WL 3368605, at *4 (E.D. Tenn. July 9, 2014) (denying

7

motions filed by defendants where court had denied prior motions seeking the same relief, and "no new arguments or case law had been raised[,]" stating, the "previous rulings on these issues have become the law of the case and defendants have raised no extraordinary circumstances which would warrant revisiting them")

Defendant Franks has raised no extraordinary circumstances that would warrant revisiting a previously-decided pleading, and no good cause for filing meritless motions in limine out-of-time.

WHEREFORE, the government requests the Court strike ECF Nos. 401, 404, 408, 409, and 410.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Dated: January 17, 2020          /s/ Nils R. Kessler
NILS R. KESSLER
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
nils.kessler@usdoj.gov

8