THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

        Plaintiff,

v.

KALEB FRANKS,

        Defendant.

Case No. 1:20-CR-183

Hon. Robert J. Jonker
Chief U.S. District Court Judge

## DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO STRIKE PLEADINGS

Mr. Franks does not wish to sound truculent here, but the government's very recent motion to strike pleadings cries out for a response since that motion ignores this Court's clear order on deadlines in this case. *See* RE. 414: Gov. Resp. to Motions, PageID # 2853-60. (Mr. Franks is not seeking leave to reply to the government because, while the government has docketed its motion as a "response" to Mr. Franks, it has captioned the filing as a "motion to strike," which would allow Mr. Franks to respond within fourteen days under Local Criminal Rule 47.2(c).)

Unless the government somehow received an order different from that docketed generally, the deadline for general motions was last Friday, January 14, 2022. *See* RE. 347: Order, PageID # 2155. According to the Court's order of September 20, 2021, the following deadlines applied with regard to the relevant motions:

- Defense *motions in limine regarding admission of out-of-court statements* would be due by December 17, 2021.
- The government's responses to such motions would be due by January 7, 2022.

- *All other motions* would be due by January 14, 2022.
- A hearing on pending motions would be conducted on January 18, 2022, at 10:00 a.m.

Mr. Franks filed his motions related to other-than-hearsay/statement matters on January 14, as scheduled by this Court. The government is simply wrong in its assertions about deadlines here. As seems to have become routine in this case, the government has ignored a statement's context: this Court said, "Defense motions in limine regarding admission of out-of-court statements of defendants (or others) from proposed transcriptions of recorded conversations shall be filed by December 17, 2021," and "All other motions shall be filed by January 14, 2022." RE. 347: Order, PageID # 2155. The Court's guidance was pellucid.

The Court also underscored this scheduling in an ex parte/restricted-access order of November 19, 2021. *See* RE. 359: Ex Parte Order, PageID # 2312-13. (Mr. Franks recognizes that the government does not have access to this filing, but the government did not need access to it—the September order was crystal clear.) The Court stated in that order, "The normal disclosure deadline would be within the time for filing any pretrial motion, which is currently January 14, 2022." *See id.* at 2312. (It also bears noting that the government has not objected to the timeliness of the defense's December 25, 2021 motion to dismiss.)

With regard to the government's argument that Mr. Franks's renewed motion to compel is "the same motion he filed last July, which the Court denied after a hearing in September," the government seems to have missed the point of the filing. *See* RE. 414: Gov. Resp. to Motions, PageID # 2859. Mr. Franks is *renewing* his motion because the government's latest, significantly belated, discovery dump contains

exactly the sort of exculpatory evidence Mr. Franks suspected the government had all along. When the matter was litigated earlier, Mr. Franks could not *prove* the contents of the CHS files the way he now can . . . and the Court trusted the government to turn over *Brady* materials. But as this latest discovery shows, the CHS files in this case contain extremely disconcerting, exculpatory materials, and the government has not turned everything over to the defense (though it should have done so far earlier). *See* RE. 401: Renewed Motion to Compel, PageID # 2793-94. The government argues that the defense must show the Court was misled in reaching its earlier ruling; the defense has done so here by showing that the government misled the Court and the parties with regard to its promise to review the CHS files and turn over exculpatory materials. *See* RE. 414: Gov. Resp. to Motions, PageID # 2859 (discussing motions for reconsideration and showings related to the Court being misled). It has these materials and still hasn't turned everything over.

## *Conclusion*

Mr. Franks asks the Court to consider his timely motions, as filed on January 14, in accordance with two of this Court's orders.

Respectfully submitted,

Date: January 17, 2022               **SCOTT GRAHAM PLLC**

By:   /s/ Scott Graham
        Scott Graham
        Attorney for Defendant
Business Address:
        1911 West Centre Avenue, Suite C
        Portage, Michigan 49024
        (269) 327.0585