UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ADAM DEAN FOX, et al.,

    Defendants.

_____/

CASE No. 1:20-cr-183

HON. ROBERT J. JONKER

**ORDER**

The Court heard argument on several motions *in limine* on January 18, 2022, and took those motions under advisement. (ECF Nos. 368, 369, 370 and 383). The motions, briefing and hearing were scheduled by Order dated September 20, 2021, (ECF No. 347), with the goal of having key evidentiary issues raised "in a way that allowed thoughtful deliberation but that did not risk jamming the trial schedule, or generating trial disruptions. (Order, ECF No. 395) (denying defense motion to extend deadlines). The Court expects to resolve these particular motions promptly in a separate written Order.

One or more defendants filed a number of additional motions addressing evidentiary issues between January 12 and 14, 2022. The timing of these filings did not permit an ordinary briefing schedule before the hearing on January 18, and so the Court did not address them at that time. The government filed a Motion to Strike most of these motions (ECF Nos. 401, 404, 408, 409 and 410) as untimely. (ECF No. 414). The government's motion also included at least brief arguments on the merits of these defense motions as well. The Court needs no additional argument on these motions and resolves them in this Order.

The Court recognizes and appreciates the efforts of both sides to frame anticipated disputes in motions filed as early as reasonably possible.  That was certainly the Court's goal in providing specific deadlines for the motions on certain key evidentiary issues in advance of the Final Pretrial Conference, where the Court normally considers and resolves motions *in limine*.  The specific deadline the Court included in its earlier scheduling Order was focused on only one sub-set of likely *in limine* issue, however:  namely, motions "regarding out-of-court statements of defendants (or others) from proposed transcriptions of recorded conversations…."  ECF No. 347, at PageID.2155.  So other motions *in limine* filed by the general motion cut off of January 14, 2022, are not untimely; the ones at issues here are not, however, meritorious.  So, the government's Motion to Strike (ECF NO. 414) and Defendant Franks' motion for leave to file a reply brief (ECF No. 415) are **DISMISSED AS MOOT**.

Two of the defense motions are premature because they address potential evidentiary issues that have not yet gelled into any concrete controversy, and may never do so.  This includes disputes over proposed transcripts (ECF No. 408), and possible *Bruton* issues involving a defendant's out-of-court statement implicating other defendants (ECF No. 409).  Neither side has produced or exchanged proposed transcripts yet.  And even when they do, the transcripts will not be admitted as substantive evidence anyway (short of a stipulation by all parties); they will simply be listening aids for the jury. As for possible *Bruton* issues, no defendant has identified any particular statement yet, and the government has indicated its intention to address any actual *Bruton* issue in the way this Court usually does: namely, with appropriate redactions.  Accordingly, there is no basis for relief on either motion at this time.  The Motions (ECF Nos. 408 and 409) are **DENIED without prejudice** to re-filing if and when a real issue develops.

Two of the motions deal with fairly routine trial matters of handling co-conspirator statements (ECF No. 404) and rule of completeness challenges (ECF No. 410).  With respect to co-conspirator statements, the Court anticipates handling them the same way it has in every other conspiracy trial it has handled over the past 15 years:  namely, by admitting the statements along the way subject to eventual *Enright* findings at the close of the government's case.  If the government proofs cover nothing more than the facts alleged in the detailed Superseding Indictment, (ECF No. 172), and the detailed factual basis recited in the Garbin Plea Agreement, (ECF No. 142, PageID.745-751), there will easily be a sufficient factual basis to support this approach.  With respect to rule of completeness issues, both sides may have issues with respect to particular statements, but the Court sees nothing in the examples that the defense motion identifies to warrant a categorical exclusion of the party admission in advance.  Accordingly, the Court **DENIES** these two motions (ECF No. 404 and 410).

In ECF No. 401, defendant Franks renews an earlier request he made to compel particular discovery.  Magistrate Judge Sally Berens previously denied the request after hearing.  (ECF No. 325).  The moving defendants appealed, and this Court overruled the appeal and affirmed Judge Berens' decision.  (ECF No. 351).  The Court sees no material change that warrants revisiting this issue, and so the renewed motion (ECF No. 401) is **DENIED**.

**IT IS SO ORDERED.**


Dated:   January 20, 2022                /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         CHIEF UNITED STATES DISTRICT JUDGE