UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  No. 1:20-cr-183

vs.                              Hon. Robert J. Jonker
                                      Chief United States District Judge

KALEB JAMES FRANKS,

        Defendant.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S "CONSCIOUSNESS OF GUILT" MOTION

In a surprisingly candid admission that his defense strategy is to seek jury nullification, Franks asks the Court's permission to argue cable television conspiracy theories about January 6, 2021 in his case-in-chief. These theories are unsupported by admissible evidence, are irrelevant, and are calculated to mislead or confuse the jury.

### FACTS

1.    Franks ostensibly moves for permission to put on "evidence of FBI misconduct." (R. 407: Def's Mot.) He states that he "does not want to bog this Court down with the accusations getting flung across the media … or the politics of these affairs." (PageID.2828.) He proposes exactly that, however, offering that "multiple news outlets ran stories about Senator Ted Cruz" blaming the FBI for the events of

January 6, 2021.[1] (*Id.*)  Shortly before filing his motion, Franks' attorney e-mailed the government, "If it's good enough for Ted Cruz to advocate I guess it's good enough for me." (January 14, 2022, 2:57 p.m.)

2. Franks does not propose to call Senator Cruz as a witness, or to offer any substantive evidence. (PageID.2828-29.) He argues the Court should either let him "raise" the unspecified media material at trial, or in the alternative, consider it in ruling on his motion to dismiss the superseding indictment, ECF. No. 379. (*Id.* at 2829.)  The motion inappropriately seeks to inject irrelevant political debate into both the trial and this Court's evaluation of the legal issues it has been called upon to decide.

## LAW AND ARGUMENT

Evidence is relevant if it has any tendency to make a fact more or less probable, and that fact is of consequence in determining the action. Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. The court may exclude even relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403.

Evidence intended to convince the jury to acquit on an improper basis is properly excluded under Rule 403. *United States v. Roberts*, 919 F.3d 980, 985 (6th Cir. 2019). *See also, United States v. Laguna*, 693 F.3d 727, 730-31 (7th Cir. 2012)

---

[1] Most of the stories were critical. *See, e.g.*, Philip Bump, *Ted Cruz uses Fox News' favorite conspiracy theory to redeem himself with the right*, Washington Post (January 12, 2022).

(excluding evidence that would "invite the jury to acquit even if the government satisfied each element of the charged offense risks jury nullification."); *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly.").

Franks suggests the jury instruction regarding "consciousness of guilt" is relevant to his argument. (PageID.2830.) That instruction recognizes that a defendant's flight, concealment of evidence or implausible exculpatory stories allow for an inference of guilty knowledge. (Sixth Circuit Pattern Criminal Jury Instruction 7.14, citing *United States v. Jackson*, 55 F.3d 1219, 1226 (6th Cir. 1995)).[2] Franks cites no authority for the idea that the "consciousness of guilt" instruction can apply to anyone but a defendant. He argues that the FBI has concealed the details of its use of undercover agents and informants "in relation to the January 6 events." (PageID.2830.) Not revealing undercover agents and informants is implicit in their "undercover" status. Moreover, the events of January 6, 2021 are irrelevant to Franks' own guilt or innocence.

In the alternative, Franks argues "If national leaders are expressing concern about FBI overreaching in the realm of informant use and deployment of undercover agents, this latter idea of 'objective' entrapment must assume a greater

---

[2] For example, contemporary recordings and the testimony of multiple witnesses will establish Franks intentionally set out to reconnoiter Governor Whitmer's house the night of September 12, 2020. In his post-arrest interview, however, Franks claimed he did not know the purpose of the trip until they were underway. The jury can draw an inference from this false exculpatory statement that Franks knew his participation in the nighttime reconnaissance was incriminating.

3

jurisprudential role" in evaluating his motion to dismiss the indictment. (PageID.2831.) In plain English, he asks the Court to dismiss the indictment based on talk show opinions about unrelated cases. Even if those opinions were relevant and admissible, the "objective entrapment" theory he claims they support has been rejected by the court of appeals. *See, United States v. Tucker*, 28 F.3d 1420, 1422 (6th Cir. 1994).

In his motion, Franks says the quiet part out loud. That is to say, he admits his trial strategy is to attempt to put the FBI on trial, and ask the jury to decide this case on the basis of inflammatory and irrelevant partisan debate and the media coverage of it. That material is hearsay, it is irrelevant, and it is intended to mislead and confuse the jury.

WHEREFORE, the government requests the Court deny Franks' motion, and enter an order prohibiting any defendant from offering or referring to such material at trial.

                                        Respectfully submitted,

                                        ANDREW BYERLY BIRGE
                                        United States Attorney

Dated: January 25, 2022          */s/ Nils R. Kessler*
                                        NILS R. KESSLER
                                        JONATHAN ROTH
                                        Assistant United States Attorneys
                                        P.O. Box 208
                                        Grand Rapids, MI 49501-0208
                                        (616) 456-2404
                                        *nils.kessler@usdoj.gov*
                                        *jonathan.roth@usdoj.gov*