UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,              No. 1:20-cr-183

    v.                              Hon. Robert J. Jonker
                                     Chief U.S. District Judge

KALEB JAMES FRANKS,

        Defendant.
_____/

**UNITED STATES' MOTION FOR MENTAL EVALUATION
PURSUANT TO RULE 12.2(c)(1)(B)**

Defendant Kaleb Franks filed a disclosure with this Court providing notice that he plans to introduce expert testimony that he "presents extraordinary susceptibility to influence and suggestion" in support of his claim of entrapment. (ECF No. 403.)  The United States moves, pursuant to Fed. R. Crim. P. 12.2(c)(1)(B), for a court-ordered examination.

*Law and Argument*

In offering his psychologist's conclusion as to his "extraordinary susceptibility," Defendant acknowledges that he has only met the psychologist once, and the psychologist has not "conducted any formal testing."  (PageID.2802.)  The United States requires a full assessment by an independent expert in order to properly evaluate and respond to the proposed testimony.

1

I.  Application of Fed. R. Crim. P. 12.2

Rule 12.2 governs the procedural requirements for a defendant to present testimony regarding a mitigating and relevant mental health condition. Defendant argues that Rule 12.2 does not apply to an entrapment defense, citing *United States v. Hill*, 665 F.2d 512, 517 (3d Cir. 1981). While the majority in *Hill* noted "[t]he text of Rule 12.2(b) does not specifically address the issue with relation to an entrapment defense," the dissent disagreed: "[E]xpert testimony on the defendant's mental condition bearing on his susceptibility to inducement, when offered in support of an entrapment defense, falls within the scope of Fed. R. Crim. P. 12.2(b) and that notice of its intended use must be given to the prosecution." *Id.* at 520. It reasoned that the Rule is an "expression of a modern trend in the law to enhance the search for truth in a criminal proceeding and reduce the element of strategic surprise, at the same time avoiding a possible need for continuance and mid-trial recesses." *Id.*

Rule 12.2(b)(2) was subsequently amended and broadened in 1983 to remedy this ambiguity and include an entrapment defense. It now provides, in relevant part:

> If a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on . . . (1) the issue of guilt . . . the defendant must – within the time provided for filing a pretrial motion or at any later time the court sets – notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk. The court may, for good cause, allow the defendant to file the notice late, grant the parties additional trial-preparation time, or make other appropriate orders.

The Advisory Committee noted that the amendment was motivated by courts' "difficulty with the question of what kind of expert testimony offered for what purpose falls within the notice requirement of rule 12.2(b)."

> Thus, while the district court in *United States v. Hill*, 481 F. Supp. 558 (E.D. Pa. 1979), incorrectly concluded that present rule 12.2(b) covers testimony by a psychologist bearing on the defense of entrapment, the court quite properly concluded that the government would be seriously disadvantaged by lack of notice. This would have meant that the government would not have been equipped to cross-examine the expert, that any expert called by the government would not have had an opportunity to hear the defense expert testify, and that the government would not have had an opportunity to conduct the kind of investigation needed to acquire rebuttal testimony on defendant's claim that he was especially susceptible to inducement. Consequently, rule 12.2(b) has been expanded to cover all of the aforementioned situations.

Fed. R. Crim. P. 12.1, adv. comm. n. 1983 am.  The Sixth Circuit subsequently confirmed that its reading of Rule 12.2(b), as amended, "include[s] within its scope expert testimony on the entrapment defense." *United States v. McLernon*, 746 F.2d 1098, 1115 (6th Cir. 1984).

II.   Request for Examination

The United States requests, pursuant to Rule 12.2(b)(2), that the Court order Defendant to submit to an independent evaluation.   If ordered, the United States intends to facilitate the assessment interview by video, like defendant's proposed psychologist, and use an independent psychologist in order to complete the evaluation in time for the scheduled trial date.

An independent evaluation is necessary to accurately assess the validity and admissibility of Defendant's proposed expert testimony defense, which at this time is tenuous.   The psychologist that Defendant has hired has formed a conclusion

regarding Defendant's diminished capacity despite not yet "completing any formal testing." (PageID.2802.)[1] The United States requires an independent examination to determine whether such proffered testimony is reliable and admissible evidence and to effectively cross-examine Defendant's psychologist and rebut his testimony if this Court allows him to introduce such testimony at trial.

The constitutionality of court-ordered mental examinations, once a defendant has noticed a defense predicated on mental condition, is well-established. *Estelle v. Smith*, 451 U.S. 454, 465-66 (1981) (collecting cases for proposition that a defendant can be required to submit to evaluation where the defendant raises a mental defect defense). Furthermore, a defendant does not have a right to have counsel present during the examination, although he can consult with counsel prior to the examination. *Estelle*, 451 U.S. at 470, n. 14.

If Defendant refuses to answer questions posed by the independent examiner, he should be prohibited from offering the proffered expert testimony in his own case. Rule 12.2(d) provides that "[t]he court may exclude any expert evidence from the defendant on the issue of the defendant's mental disease, mental defect, or any other mental condition bearing on the defendant's guilt . . . if the defendant fails to . . . submit to an examination when ordered under Rule 12.2(c)." Fed. R. Crim. P. 12.2(d).

---

[1] The relevance of the proposed testimony is also suspect. Defendant has repeatedly professed his "lack of participation in the alleged conspiracy." (*See, e.g.*, PageID.2825.) If that is the case, then evidence asserting that he was especially predisposed to being induced to participate in the conspiracy is not relevant.

4

III.     Trial Schedule

Defendant's disclosure triggers several additional discovery obligations under Fed. R. Crim. P. 16, which he has agreed to provide. Pursuant to Rule 16(b)(1)(B), the government requests an opportunity to "inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment" that are in Defendant's "possession, custody, or control" that he intends to use in his case-in-chief at trial. Pursuant to Rule 16(b)(1)(C), the government requests a more detailed written summary of his expert's proposed testimony, if further examination or diagnosis occur.

In order to maintain the Court's trial schedule and ensure that the United States has an adequate opportunity to review and object, if appropriate, to the proposed testimony, the United States requests that the evaluation and corresponding documentation be completed and disclosed at least one month before trial.

WHEREFORE, the United States respectfully requests that this Court order Defendant submit to an independent examination and to provide the United States with the relevant discovery materials in a timely manner.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
|  |  | ANDREW BYERLY BIRGE<br>United States Attorney |
| Dated: | January 25, 2022 | _/s/ Jonathan Roth_<br>JONATHAN ROTH<br>NILS R. KESSLER<br>Assistant United States Attorneys<br>United States Attorney's Office<br>P.O. Box 208<br>Grand Rapids, MI 49501-0208<br>(616) 456-2404 |