UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    CASE No. 1:20-CR-183-4

    HON. ROBERT J. JONKER

KALEB JAMES FRANKS.,

    Defendant.

_____/

## **ORDER**

The matter is before the Court on Defendant Franks' motion to allow presentation during trial of what he calls evidence of the government's "consciousness of guilt." (ECF No. 407). He seeks permission to raise "wider, national concerns" regarding the FBI's alleged use of undercover agents and confidential informants. These "wider" concerns relate to January 6, 2021, events at the United States Capitol and a United States Senator's questions about the FBI's use of undercover agents and confidential informants tied to those events. Defendant Franks wants to "present to the jury evidence related to these national inquiries." (ECF No. 407, PageID.2831). These inquiries are also relevant, he says, to an "objective" entrapment defense because they allegedly show the government's consciousness of overreaching. The motion is denied.

Much of Defendant Franks' request has already been decided against him. As the Court remarked in an earlier Opinion and Order denying the defense motion to dismiss, the Sixth Circuit Court of Appeals does not recognize an "objective" entrapment defense. (Op. & Ord. at 3 n.2, ECF No. 421, PageID.2901). Unlike the prevailing two-part test focusing both on government inducement and a defendant's predisposition, an objective entrapment defense looks only at the

nature of the government's involvement in the case.  PAUL MARCUS, THE ENTRAPMENT DEFENSE § 3 (5th ed. 2016).  In a series of decisions, however, the Sixth Circuit Court of Appeals has expressly rejected attempts to elide the predisposition requirement where, as here, the defense sounds in inducement.  *See United States v. Tucker*, 28 F.3d 1420, 1422-1428 (6th Cir. 1994) (discussing, at length, a potential "due process" defense based on alleged outrageous government conduct and concluding "a defendant whose defense sounds in inducement is, by congressional intent and Supreme Court precedent, limited to the defense of entrapment and its key element of predisposition."); *United States v. Amawi*, 695 F.3d 457, 483 (6th Cir. 2012) ("This Court has soundly rejected the 'outrageous government conduct' defense, looking instead to the doctrine of entrapment to assess a defense that sounds in inducement."); *see also United States v. Santana*, 6 F.3d 1, 3-4 (1st Cir. 1993) ("Outrageous misconduct is the deathbed child of objective entrapment, a doctrine long since discarded in the federal courts.").

With respect to the remainder of the motion, Rule 402 creates a general rule of admissibility for relevant evidence.  Evidence is relevant under Rule 401 if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the evidence."  The inquiries on which Defendant Franks seeks to present evidence to the jury fail to meet this relevancy standard and thus are inadmissible under Rule 402.  Even if they were relevant, relevant evidence of any type must still be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Several of these factors are present here.  In fact, the challenge at trial here will be to ensure the jurors are able to ignore exactly this kind of extraneous information from extra-judicial sources.  Even the defense has previously recognized that this

information has no place in front of the jury when it sought to question proposed jurors about the events of January 6.  (See Joint Proposed Jury Questionnaire § IX Q.1, ECF No. 326, PageID.1969).

**ACCORDINGLY, IT IS ORDERED** that Defendant Franks' Motion to Compel (ECF No. 407) is **DENIED.**


Dated:   January 26, 2022              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       CHIEF UNITED STATES DISTRICT JUDGE