UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                     No. 1:20-cr-183

    v.                               Hon. Robert J. Jonker
                                     Chief U.S. District Judge
KALEB JAMES FRANKS,

        Defendant.
_____/

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF JAIL CALL RECORDINGS**

Defendants, along with a number of other people charged by the State of Michigan, conspired to attack and kidnap the Governor of Michigan. Defendant moves this Court to compel the government to produce all recorded statements (*e.g.*, letters, emails, phone calls, text messages) made in jail by witnesses that the government will call at trial. While he requests all statements regardless of subject matter, his proffered purpose is to find evidence to assist in his defense. Neither he nor the government have any specific or good faith reason to believe that these statements exist. The requested recordings are also not in the government's possession. The various county jails that may be in possession of recorded calls are not members of the prosecution team because they are not participating in the investigation and prosecution of the criminal case against Defendants. The motion should be denied.

1

*Factual Background*

Franks and five other defendants were arrested on October 7, 2020, and charged by complaint in the Western District of Michigan. Each has been detained in various facilities in the District and elsewhere since that time. Eight additional defendants were charged by the State of Michigan. They were detained, for various periods, in the Antrim County Jail, the Jackson County Jail, and Columbia County in Wisconsin. Each of these facilities presumably makes different forms of communication available to their inmates, keeps inmate communications for different periods of time, and has different protocols for screening inmate communications. The government has only a small sample of jail calls for the defendants (in both federal and state cases) in its possession.

*Law and Argument*

Defendant's motion is a fishing expedition, hoping to find evidence that he did not participate in the conspiracy to kidnap the Governor or to put meat on the otherwise bare bones of his proposed entrapment defense. Defendant attempts to cast a wide net in finding recorded jail calls that fit his purpose, though there is no reason to believe they exist. There are three theories under which Defendant's request can be considered – Rule 16 discovery, *Brady/Giglio,* and 18 U.S.C. § 3500 (the Jencks Act) – though none provide the relief he seeks.

    I.    <u>Rule 16</u>

Federal Rule of Criminal Procedure 16(a)(1)(E) provides, in relevant part:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data,

photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and . . . (I) the item is material to preparing the defense[.]

"A defendant does not satisfy [the] requirement that an object be 'material to the preparation of the defendant's defense' by means of merely conclusory arguments concerning materiality." *United States v. Phillip,* 948 F.2d 241, 250 (6th Cir. 1991) (internal citation omitted). "[T]o obtain discovery of [an] object, the defendant must make a *prima facie* showing of materiality." *Id.*

Defendant's request fails to meet the requirements of Rule 16. As stated, all jail recordings regardless of content, it is too broad to be material to preparing his defense, and therefore is not subject to Rule 16 discovery. Most calls would be irrelevant to the charged offenses or the subject of later testimony.

If the request is more narrowly construed to only include recorded jail communications in which a witness says something that may be favorable to Defendant, Defendant offers no evidence that such calls exist. If they do exist, they are not in the government's possession, custody, or control. "Government" does not include state or local law enforcement agencies (such as county jails). *United States v. Marshall*, 132 F.3d 63, 68 (D.C. Cir. 1998). Courts have interpreted "possession, custody, or control" as requiring "knowledge and access." *See, e.g., United States v. Bryan*, 868 F.2d 1032 (9th Cir.), *cert. denied,* 493 U.S. 858, 110 S.Ct. 167, 107 L.Ed.2d 124 (1989). The government is not aware of or in possession of such recordings.

3

II.  *Brady/Giglio*

The government has a relatively small number of jail calls in its possession, but they do not contain any *Brady* or *Giglio* material. Defendant offers no authority to compel the government to obtain and search through, or allow a defendant to search through, voluminous recordings not in its possession and that it does not have knowledge of.

The government is required to produce "evidence favorable to an accused . . . where the evidence is material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). "[E]vidence is 'material' within the meaning of *Brady* when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Cone v. Bell*, 556 U.S. 449, 469–70 (2009). The government here has endeavored, and will continue to endeavor, to produce any information that is arguably *Brady* material reasonably promptly after discovery, but the constitutional standard is satisfied so long as disclosure is made in time for the defendant to use it at trial. *E.g., United States v. Crayton*, 357 F.3d 560, 569 (6th Cir. 2004) (citing *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988)); *see United States v. Davis*, 306 F.3d 398, 421 (6th Cir. 2002) ("Delay violates *Brady* only where the delay causes prejudice.").

The *Giglio* Court followed the *Brady* standard for exculpatory evidence, holding that impeachment evidence also requires "[a] finding of materiality." *Giglio v. United States*, 405 U.S. 150, 154 (1972). The defense must be able to show that specific impeachment evidence is material. *E.g., United States v. Watson*, 778 F.

4

App'x 340, 353 (6th Cir. 2019) (observing that *Giglio* requires a showing of materiality). *Giglio* information is only discoverable with respect to a testifying witness who could be impeached, and so *Giglio* disclosures cannot be made before the government has identified which witnesses it will call at trial. Like *Brady* material, then, the constitutional requirement is satisfied so long as the disclosure is made in time for the defendant to use the information at trial. *See, e.g., United States v. Blake-Saldivar*, 505 F. App'x 400, 410 (6th Cir. 2012) (citing *United States v. Agurs*, 427 U.S. 97, 108 (1976)); *Crayton*, 357 F.3d at 569.

Defendant argues that "[t]he government can't review materials like these to assess whether they fall under *Brady*."[1] (PageID.2821.) But, the Supreme Court has held precisely the opposite. A "defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [government's] files." *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987). Thus, it is the government's responsibility to "decide[] which information must be disclosed," and "[u]nless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to

---

[1] Defendant cited *United States v. Benanti*, No. 3:15-cr-177, 2017 WL 78734 (E.D. Tenn. Jan. 6, 2017), in furtherance of this proposition. *Benanti* has no relevance here. The parties there agreed that the phone recordings were not *Giglio* material and there was no mention of *Brady* in the ruling.

The proposition that the government cannot identify *Brady* material is also a stark change from Defendant's prior joinder in a motion (ECF Nos. 238 & 252) requesting this Court to compel the government to specifically identify the *Brady* material because discovery was voluminous. It would seem that the current boundless request for jail calls would be similarly voluminous, if not more so.

5

the court's attention, the prosecutor's decision on disclosure is final." *Id.* (footnote omitted).

Defendant cites *Anderson v. City of Rockford*, 932 F.3d 494, 498 (7th Cir. 2019), but the facts there are plainly distinguishable. There, the detective obtained the jail calls that were in dispute well before trial. *Id.* at 509. He listened to them, withheld them from the prosecutor and defense until it was too late to use them, and then misrepresented their content and exculpatory significance when he did turn them over on the eve of trial. *Id.* Here, unlike *Anderson*, the existence of exculpatory jail calls is purely speculative. Here, unlike *Anderson*, the government is not in possession of any exculpatory calls. Here, unlike *Anderson*, the government has and will continue to disclose to the defendants all evidence that they are entitled to.

### III. Jencks material

The Jencks Acts (18 U.S.C. § 3500) and Rule 26.2(a) require the production of "any statement of the witness that is in [the party's] possession . . . that relates to the subject matter of the witness's testimony." Defendant concedes that Rule 26.2 and the Jencks Act only allow him to obtain prior statements made by witnesses who will testify for the government. (PageID.2820.)

Although the government frequently makes earlier disclosures voluntarily, the rule requires production only after the witness testifies. *See* Fed. R. Crim. P. 26.2(a); *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988) ("[T]he government may not be compelled to disclose Jencks Act material before trial."). This timing rule is based on concerns for witnesses' safety, which the government is best positioned to

6

evaluate. *See Presser*, 844 F.2d at 1285 (observing that "an important function of the Jencks Act" is "the protection of potential government witnesses from threats of harm or other intimidation before the witnesses testify at trial").

Defendant's request fails to comport with the requirements of Rule 26.2(a). First, with limited exception, the jail calls that he seeks are not in the government's possession. "A statement is considered to be in the government's possession when it is in the possession of a federal prosecutorial agency." *United States v. McRaven*, Case No. 1994 WL 679372, 43 F.3d 1473 (Table), *2 (6th Cir. Dec. 5, 1994), citing *United States v. Cagnina,* 697 F.2d 915, 922 (11th Cir.1983). The government will disclose the calls in its possession with the other Jencks material closer to trial.[2] If there are other recorded jail calls in the possession of individual state or county correctional facilities, those are not in the possession of the government and therefore not subject to Rule 26.2. *McRaven*, at *2; s*ee also e.g.*, *United States v. Speight*, 440 F. App'x 762 (5th Cir. 2006).

Second, Rule 26.2 only calls for disclosure of statements "relate[d] to the subject matter of the witness's testimony." Defendant, in contrast, would like *every* recorded statement made by the witness while in jail, regardless of subject matter.

WHEREFORE, the United States respectfully requests that this Court deny Defendants' motion.

---

[2] Consistent with the spirit of the present motion, the United States will disclose all of each defendant's calls in its possession, and will do so with other Jencks material well ahead of the rule's timeline. However, the government would object to any further delay in trial based on the volume of this disclosure.

7

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Dated: January 26, 2022   */s/ Jonathan Roth*
JONATHAN ROTH
NILS R. KESSLER
Assistant United States Attorneys
United States Attorney's Office
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404