UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KALEB JAMES FRANKS,

    Defendant.

_____/

CASE No. 1:20-CR-183-04

HON. ROBERT J. JONKER

## **ORDER**

The matter is before the Court on Defendant Franks' motion for an order compelling the government to immunize certain witnesses, none of which are identified by name. (ECF No. 412). Defendant Franks requests that the Court compel the government to provide grants of use immunity to FBI agents and confidential human sources ("CHS") involved in the case. Defendant Franks believes that "a number of both the agents and sources have reason to refuse to testify by invoking their Fifth Amendment rights," which he says would undermine his defense. Alternatively, he requests that the Court dismiss Count One of the Superseding Indictment if the government refuses to provide immunity ordered by the Court.

Defendant's motion fails because a district court does not have authority to compel the government to grant use immunity to a witness. *United States v. Talley*, 164 F.3d 989, 997 (6th Cir.1999); *United States v. Mohney*, 949 F.2d 1397, 1401 (6th Cir. 1991). Under 18 U.S.C. § 6003, only a "United States attorney may, with the approval of the Attorney General, Deputy Attorney General, the Associate Attorney General, or any designated Assistant Attorney General or Deputy Assistant Attorney General, request an order" that an individual "give testimony or provide other

information which he refuses to give or provide on the basis of his privilege against self-incrimination[.]" Thus, the statute gives the executive branch the sole authority and discretion to grant immunity to a witness. *Mohney*, 949 F.2d at 1401.

The Sixth Circuit has discussed, but not accepted, two limited theories under which a compelled grant of immunity may be appropriate. *Talley*, 164 F.3d at 997-98. The first theory, "effective defense," potentially applies when "[immunity is] properly sought in the district court, the witness is available to testify, the proffered testimony is both essential and clearly exculpatory, and no strong governmental interests countervail against an immunity grant." *Mohney*, 949 F.2d at 1401 (citing *Virgin Islands v. Smith*, 615 F.2d 964, 972 (3d Cir. 1980)). The Sixth Circuit has explicitly rejected this theory, noting that such compelled "immunity would raise separation of powers concerns, because the decision of whom to prosecute is soundly within the discretion of the prosecutor, not the courts." *Talley*, 164 F.3d at 997. The Sixth Circuit has nonetheless left open the possibility of compelled immunity if the government selectively grants "immunity to its own witnesses, while denying immunity to the defendant's witnesses." *Id.* To invoke consideration of this narrow exception, a defendant must show that the evidence is "egregiously lopsided" because of the government's selective grant of immunity. *Id.* at 998. This exception does not give a defendant "a right to have his witnesses immunized simply because the prosecution relies on immunized witnesses to make its case." *Id.* at 997 (internal quotation omitted). Defendant Franks has made no such showing here.

Under the second potential theory, "prosecutorial misconduct," immunity may be warranted to remedy prosecutorial misconduct. *Talley*, 164 F.3d at 998. A defendant must show that "the government's decisions were made with the deliberate intention of distorting the judicial

2

fact finding process." *Id.* (internal quotation omitted).  Defendant Franks does not assert this theory and presents no facts that demonstrate such prosecutorial misconduct in any event.

**ACCORDINGLY, IT IS ORDERED** that Defendant Franks' motion (ECF No. 412) is **DENIED.**


Dated:    January 26, 2022                  /s/ Robert J. Jonker
                                            ROBERT J. JONKER
                                            CHIEF UNITED STATES DISTRICT JUDGE