THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

THE UNITED STATES OF AMERICA,

      Plaintiff,

v.

KALEB FRANKS,

      Defendant.

Case No. 1:20-CR-183

Hon. Robert J. Jonker
Chief U.S. District Court Judge

---

### DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR MENTAL EVALUATION

Mr. Franks has announced his intention to call Dr. Michael Spierer as an expert witness. *See* RE. 403: Def. Expert Disclosure, PageID # 2801-04. The government has now asked the Court to order an examination of Mr. Franks. *See* RE. 423: Gov. Motion for Eval., PageID # 2909.[1]

---

[1] While not wishing to appear unnecessarily bellicose, Mr. Franks cannot help but point out that the government has, once again, taken statements out of context. The government has asserted that, "[i]n offering his psychologist's conclusion as to his 'extraordinary susceptibility,' Defendant acknowledges that he has only met the psychologist once, and the psychologist has not 'conducted any formal testing,'" and it has argued that it "requires a full assessment by an independent expert in order to properly evaluate and respond to the proposed testimony." *See* RE. 423: Gov. Motion for Eval., PageID # 2909. What Mr. Franks actually said was: "At this time, Dr. Spierer has met with Mr. Franks once. The defense is currently scheduling additional video conferencing between Dr. Spierer and Mr. Franks, but conflicts with the jail's available video-conferencing dates have arisen. (The pandemic, of course, has also complicated the logistics. Since the onslaught of COVID-19, Dr. Spierer has sent psychological test materials to individuals to complete and return by mail. The tests are accompanied by detailed instructions describing the administration process to custodial facilities and legal teams, so that Dr. Spierer's presence is not required. Currently, counsel has worked with the jail to schedule testing following this procedure and will conduct interviews via Zoom beginning on January 26, 2002 [sic].) Dr. Spierer has not yet penned any reports or conducted any formal testing with Mr. Franks. He has, however, indicated that his initial opinion with regard to Mr. Franks, and the issues of predisposition and inducement, suggest that Mr. Franks presents extraordinary susceptibility to influence and suggestion."

If the Court finds that the government should be allowed to have an examination as it requests, Mr. Franks would point out the Court's broad discretion in the realm of procedure. The Advisory Committee's notes on the rule's 2002 amendments specifically recognize that "the court is given the discretion to specify the procedures to be used." *See also United States v. Davis*, 93 F.3d 1286, 1295 (6th Cir. 1996) (discussing lack of statutory authority but also looking at courts' inherent authority). Here, Mr. Franks objects to any examination that would require him to be transported outside the district or that could affect the trial timing or truncate the time he has to prepare for trial with his attorney (and thus impinge upon his Fifth and Sixth Amendment rights).[2]

In passing, Mr. Franks cannot help but comment on the government's dogged efforts to interfere with his due-process right to present a complete defense. The government has asserted, "Defendant has repeatedly professed his 'lack of participation in the alleged conspiracy.' (See, e.g., PageID.2825.) If that is the case, then evidence asserting that he was especially predisposed to being induced to participate in the conspiracy is not relevant." *See* RE. 423: Gov. Motion for Eval., PageID # 2912 n.1. The Court hardly needs Mr. Franks to reiterate that he has a right to present a complete defense, including alternative defenses. *See, e.g.*, *Newton v. Million*, 349 F.3d 873, 878 (6th Cir. 2003) (discussing due-process rights and "inconsistent" defenses and jury instructions).

With regard to the government's request "that the evaluation and corresponding documentation be completed and disclosed at least one month before trial," the defense

---

[2] It does sound like the government does not plan to seek anything beyond a video-facilitated evaluation conducted while Mr. Franks remains at the Newaygo County jail. *See* RE. 423: Gov. Motion for Eval., PageID # 2911.

2

does not object if the government is referring to the evaluation it is requesting here. *See* RE. 423: Gov. Motion for Eval., PageID # 2913. If the government is referring to having materials, a month before trial, related to any report Dr. Spierer may prepare, Mr. Franks must object. At this time, the jail has proved itself deficient in providing conferencing technology and facilities, forcing Dr. Spierer to reschedule his efforts to conduct his evaluations, including rescheduling the meeting that should have occurred this week (which has now been rescheduled for February 1). The defense has found this situation frustrating and time consuming. Given the March 8 trial date here, the defense itself is now feeling pinched for time because of the jail's rescheduling. While the defense recognizes the need to produce copies of any reports generated, it objects to anything like a production deadline of February 8, given the jail's inability to provide necessary conferencing technology and facilities.

In this vein, the government—given its role in requesting an additional evaluation—should be responsible for obtaining and providing all necessary reports related to that evaluation. *Cf.* RE. 423: Gov. Motion for Eval., PageID # 2913. Following any such examination, Mr. Franks would expect to see a copy of any report(s) prepared by anyone involved in the examination. *See, e.g.*, *United States v. Ray*, No. 20-cr-110 (LJL), 2021 U.S. Dist. LEXIS 226839, at *6-*8 (S.D.N.Y. Nov. 22, 2021). But he does not expect to be in charge of obtaining and disseminating any such report(s).

## *Conclusion*

Mr. Franks objects to any evaluation that would require him to leave the district and thus truncate his trial-preparation time with his defense team. He also objects to any evaluation schedule that would delay trial. With regard to disclosures related to the

3

government's requested evaluation, he would expect the government to provide the defense with a copy of any reports upon completion of such.

            Respectfully submitted,

Date: January 28, 2022      **SCOTT GRAHAM PLLC**

           By:___/s/ Scott Graham_____
             Scott Graham
             Attorney for Defendant
           Business Address:
             1911 West Centre Avenue, Suite C
             Portage, Michigan 49024
             (269) 327.0585