UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KALEB JAMES FRANKS,

      Defendant.

_____/

CASE No. 1:20-CR-183-04

HON. ROBERT J. JONKER

## ORDER

The matter is before the Court on the government's motion for mental evaluation of Defendant Franks.  (ECF No. 423.)  Defendant Franks filed an expert disclosure, which discloses that he may seek to introduce testimony from a "mental-health expert" to opine that Defendant Franks is "quite vulnerable to the influence of others" and has "extraordinary aversion to rejection, ostracization, and shaming."  (ECF No. 403, PageID.2802-03.)  The government requests that the Court order an independent examination of Defendant Franks based on Fed. R. Crim. P. 12.2(c)(1)(B).

Under Rule 12.2(c)(1)(B), "if the defendant provides notice under Rule 12.2(b), the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court."  Defendant Franks filed an expert disclosure under Rule 12.2(b) but disputes its applicability in this context, citing a single case from the Third Circuit decided in 1981.  (ECF No. 403.) Rule 12.2 was amended two years later to remove any potential ambiguity.  The Rule plainly applies, even when entrapment may be at issue, whenever a defendant discloses an intention to rely on "expert evidence relating to a mental disease or defect or any other mental conditions of

the defendant bearing on . . . (1) the issue of guilt . . . ." Fed. R. Crim. P. 12.2(b). Binding authority in this Circuit so recognizes. *United States v. McLernon*, 746 F.2d 1098, 1115 (6th Cir. 1984).

Defendant Franks provided notice of an intention to offer the kind of expert testimony covered by Rule 12.2. Defendant was obligated, in the Court's view, to provide notice, and any potential testimony will be limited by the requirements of that Rule as well as the ordinary Rules of Evidence applied to any expert testimony. The Court is satisfied the government should be able to have the independent examination it has requested, and so the motion is **GRANTED**.

The Court agrees with the parties that trial must not be delayed by the evaluation schedule. The procedures for both sides will need to be tailored accordingly. The Court also recognizes the practical logistical difficulties with examinations at the Newaygo facility, especially with COVID procedures in effect. Thus, the Court orders Defendant Franks and the government to complete and to disclose their examinations and reports by the final pre-trial conference on February 18, 2022, rather than the existing deadline of February 8, 2022.

**ACCORDINGLY, IT IS ORDERED** that the government's motion (ECF No. 423) is **GRANTED.**

Dated:     February 1, 2022                /s/ Robert J. Jonker
                                           ROBERT J. JONKER
                                           CHIEF UNITED STATES DISTRICT JUDGE