UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KALEB JAMES FRANKS.,

    Defendant.

_____/

CASE No. 1:20-CR-183-4

HON. ROBERT J. JONKER

## **ORDER**

The matter is before the Court on Defendant Franks' motion to compel the production of jail-call records (consisting of phone calls, text messages and emails) made by the government's in-custody witnesses. (ECF No. 406). Pretrial discovery is normally very limited in the criminal process, and the Court is unaware of any authority that would authorize the kind of sweeping discovery envisioned by Defendant Franks. The Court denies Defendant's motion.

The motion is emblematic of a typical fishing expedition. The requested relief is entirely unlimited—all records from the incarcerated government witnesses to anyone on any subject. By its terms, the request does not even exclude privileged conversations, and even if it had, the request makes no provision for who would be in a position to screen for privilege. Defendant, furthermore, fails to make even a *prima facie* showing of likely relevance in the mass of requested information. *See* Fed. R. Crim. P. 16(a)(1)(E)(i) (authorizing discovery of records that are material to the preparation of the defense). Defendant Franks speculates that the records will contain statements to the effect that "CHS Dan led the group and [Defendant Franks] was not involved" in the charged conspiracy. (ECF No. 406, PageID.2826). But that creates a new barrier for Defendant because

prior statements of witnesses is an area of special concern and is even more tightly controlled and restricted than other discovery.  *See* FED. R. CRIM. P. 17(h) (prohibiting pre-trial subpoenas for witness statements); FED. R. CRIM. P. 26.2 (governing disclosure of witness statements at trial).  The request here would amount to an end run around those rules.

A more fundamental problem for the defense request is that any such records are, for the most part, in the hands of third parties, not the government.  The government says it does not have possession of the records Defendant seeks except for a handful of items.[1]  Implicitly recognizing the government might not have actual possession of these records, the defense says the government at least has access to them.  True, some courts have found that possession under the rule requires only "knowledge and access."  *See United States v. Bryan*, 868 F.2d 1032 (9th Cir.), *cert. denied*, 493 U.S. 858 (1989).  But even if that test were applied here, it would not help the Defendant because the government says it is unaware of any recordings that are favorable to the defense.  (ECF No. 432, PageID.2936).  Access alone is not enough even under a case like *Bryan*.  Moreover, there is no affirmative duty under Rule 16 to "inquire of all federal, state, and local law enforcement agencies as to whether they have any materials in their possession that would be discoverable." *United States v. Mills*, Case No. 16-cr-20460, 2019 WL 3423318, at *3 (E.D. Mich. July 30, 2019).  This is what the defense would require the government to do here.

The district court authority referenced by the Defendant is not persuasive.  In *United States v. Benanti*, the sought-after jail house recordings of a codefendant were in the actual possession of the government.  The court denied the defense request for a subpoena *duces tecum* to obtain the records and urged the government to provide early disclosure of *Jencks* act materials.  *United*

---

[1] As to the records it does have, the government recognizes its disclosure obligations and intends to comply with any that apply.

*States v. Benanti*¸ Case No. 3:15-cr-177 (E.D. Tenn. Jan. 6, 2017).  There is nothing in that decision inconsistent with the approach the government anticipates here.  In *United States v. Habash*, Case No. 1:15-cr-00286 DAD-BAM, 2018 WL 621281 (E.D. Cal. Jan. 30, 2018), the court granted a defense request for jail call recordings when the government did not object and the record demonstrated the government had actual possession of at least some recordings.  The Court does not find the discussion in *Habash* to be persuasive.  Neither these cases, nor any others provided to the Court persuasively support the defense request.

**ACCORDINGLY, IT IS ORDERED** that Defendant Franks' Motion to Compel (ECF No. 406) is **DENIED.**

Dated:     February 1, 2022                    /s/ Robert J. Jonker
                                                ROBERT J. JONKER
                                                CHIEF UNITED STATES DISTRICT JUDGE