UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         No. 1:20-cr-183

    vs.                                  Hon. Robert J. Jonker
                                          United States District Judge

KALEB JAMES FRANKS,

        Defendant.

_____/

**GOVERNMENT'S SENTENCING MEMORANDUM**

May it please the Court, the United States submits the following memorandum for the Court's reference in determining an appropriate sentence:

1.     Facts and Procedural History:

Between June and October 2020, defendant Franks and his co-defendants conspired to kidnap the Governor of Michigan. (R. 172: Superseding Indictment, PageID.961-66.) On February 9, 2022 Franks pled guilty to kidnapping conspiracy in violation of 18 U.S.C. §1201(c). (R. 762: PSR, PageID.10018.) Pursuant to his plea agreement, Franks agreed to cooperate with the government in the prosecution of his codefendants. (R. 445: Plea Agreement ¶ 7, PageID.3125.)

The first jury trial in this matter commenced on March 8, 2022. (R. 537: Minutes of Jury Trial, PageID.4190.) Franks testified under oath and subject to cross-examination on March 24, 2022. (*Id.*, PageID.4567.) After the jury deadlocked on the charges against ringleaders Barry Gordon Croft, Jr. and Adam Dean Fox, the Court set the matter for retrial in August. (R. 704: Minutes of Jury Trial,

PageID.4567.) Franks testified again on August 17, 2022. (R. 720: Minutes of Jury Trial, PageID.9009.)

The presentence report and factual basis section of Franks' plea agreement accurately summarize his role in the offense. (R. 762: PSR ¶¶ 18-98, PageID.10020-37; R. 445: Plea Agreement ¶ 6, PageID.3118.)

2.  Guideline Issues:

Based on a total offense level of 33 and a criminal history category of II, the advisory guideline range is 151-188 months. The only potential guideline dispute involves PSR paragraph 130, which assesses two criminal history points for a second-degree home invasion Franks committed at age 19. (R. 762: PSR, PageID.10045.) Franks argues the conviction should not be scored, because it was dismissed under the Holmes Youthful Trainee Act (HYTA) upon his successful completion of probation. (*Id*.; PSR addendum, PageID.10059.) It is not disputed that Franks pled guilty to the offense in 6th Circuit Court, Pontiac, Michigan (Case No. 13-247051-FH).

Diversion from the judicial process without a finding of guilt (e.g., deferred prosecution) is not counted. USSG § 4A1.2(f). A diversionary disposition resulting from a finding or admission of guilt in a judicial proceeding, however, is counted as a sentence even if a conviction is not formally entered. *Id.* According to the Sentencing Commission, "This reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." *Id.*, Comment. n.9.

Sixth Circuit precedent, which holds that a guilty plea under HYTA constitutes a "prior sentence," forecloses Franks' argument. *United States v. Hill*, 769 F. App'x 352, 354 (6th Cir. 2019) (unpublished) (quoting *United States v. Shor*, 549 F.3d 1075, 1076-78 (6th Cir. 2008)). Because Franks' HYTA conviction resulted from an admission of guilt in a judicial proceeding, his criminal history is properly scored.

3. <u>Statutory Sentencing Factors</u>:

The Court is required to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.  In determining the particular sentence to be imposed, the court must consider, among other things:

> a. *The nature and circumstances of the offense and the history and characteristics of the defendant (18 U.S.C. § 3553(a)(1)):*

The Court is familiar with the facts and circumstances of the offense, after presiding over two jury trials. While Franks participated in an exceptionally serious plot, he also entered a timely plea, fully accepted responsibility for his role in the offense, and testified against his co-conspirators. As the Sixth Circuit has noted, "A free and honest admission of guilt is perhaps the first and largest step toward ultimate rehabilitation." *United States v. Derrick*, 519 F.2d 1, 4 (6th Cir. 1975.)

Franks did not plead guilty as early in the process as co-defendant Ty Garbin. On the other hand, Franks was not a leader in either the Wolverine Watchmen or the Croft/Fox kidnapping plot. While he accumulated some criminal history, it mostly involved property crimes motivated by drug addiction. At the time

of the offense, Franks was 26 years old. Fox was 40, and Croft was (at 45) old enough to be Franks' father. Franks' decision to accept responsibility and testify showed more maturity than the older men who led him.

> b. *The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A)):*

As noted in Ty Garbin's sentencing memorandum, it is difficult to imagine a more serious offense than attempting to kidnap the Governor. Moreover, the charge of kidnapping does not entirely reflect the seriousness of the conspiracy's ultimate goal. The trial evidence, including Franks' testimony, established that Croft and Fox actually intended to murder the Governor in order to trigger a civil war. The sentence should reflect the gravity of the offense, and also Franks' part in bringing the conspirators to justice.

> c. *The need for the sentence imposed to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B)):*

In the two years since the conspirators' arrests, a constant stream of defendants have been charged and convicted for offenses motivated by similar ideology. Self-styled "militia" activists were once dismissed as eccentric, but essentially harmless, actors. This case was in a sense the "canary in the coal mine" presaging a turn toward real violence. The proceedings here have been closely watched and extensively discussed by domestic extremists, and Franks' sentence will be too. It should send a strong message that attempts to achieve political change through violence will result in serious consequences.

For the foregoing reasons, the government requests the Court impose a sentence substantial enough to deter similar crimes in the future, but also recognize the differences between Franks and the unrepentant domestic terrorists who led him.

                                        Respectfully submitted,

                                        ANDREW BYERLY BIRGE
                                        Attorney for the United States,
                                        Acting under Authority Conferred by
                                        28 U.S.C. § 515

Dated: September 29, 2022           */s/ Nils R. Kessler*
                                        NILS R. KESSLER
                                        CHRISTOPHER M. O'CONNOR
                                        Assistant United States Attorneys
                                        P.O. Box 208
                                        Grand Rapids, MI 49501-2404
                                        (616) 456-2404
                                        *nils.kessler@usdoj.gov*