UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      No. 1:20-cr-183

vs.                                   Hon. Robert J. Jonker
                                        United States District Judge

KALEB JAMES FRANKS,

        Defendant.
_____/

## GOVERNMENT'S CORRECTED MOTION FOR DOWNWARD DEPARTURE AND MEMORANDUM IN SUPPORT

The United States moves for a 6-level downward departure in the defendant's guideline sentencing range to recognize his substantial assistance to the government.

## FACTS

1.    In 2020, Franks and his co-defendants conspired to kidnap the Governor of Michigan. (R. 172: Superseding Indictment, PageID.961-66.) In February 2022, Franks agreed to cooperate with the government in the prosecution of his co-conspirators. (R. 445: Plea Agreement ¶ 7, PageID.3125.) Franks subsequently pled guilty to kidnapping conspiracy (18 U.S.C. § 1201(c)), an offense carrying a maximum penalty of up to life imprisonment. (R. 762: PSR, PageID.10018.)

2.    The presentence report and factual basis section of Franks' plea agreement accurately summarize his role in the offense. (R. 762: PSR ¶¶ 18-98,

PageID.10020-37;R. 445: Plea Agreement ¶ 6, PageID.3118.) Franks candidly admitted his responsibility in his plea colloquy with this Court. (R. 461: Plea Tr., PageID.3432.)

3. After Franks agreed to cooperate, he was immediately separated from the other defendants and transferred to a different jail to prevent witness tampering and retaliation. He met with the government trial team before both the first and second trials, and gave truthful and complete debriefings corroborated by independent evidence.

4. Franks testified over two days at the first trial in this matter, in March 2002. (R. 537, Minutes of Jury Trial, PageID.4190.) He explained his role in the conspiracy, and related the words and actions of the other defendants, including the group's nighttime surveillance of the Governor's home. (R. 595: Trial Tr., PageID.5579; R. 600: Trial Tr., PageID.5692-5831.) After the jury deadlocked on the charges against ringleaders Barry Gordon Croft, Jr. and Adam Dean Fox, the Court set the matter for retrial in August. (R. 704: Minutes of Jury Trial, PageID.4567.) Franks testified again on August 17, 2022. (R. 720: Minutes of Jury Trial, PageID.9009.) Croft and Fox were both convicted of all charges against them.

## LAW

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines. USSG § 5K1.1. In

determining the appropriate reduction, the court's consideration may include (but is not limited to) the following factors:

> 1. *The court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered*:

Franks' assistance was both significant and useful. While his testimony covered some of the same facts as CHS Dan and the FBI undercover agents, Franks (like co-defendant Ty Garbin) recounted events from the perspective of a voluntary participant. By admitting that they personally intended to follow through with the plan, Franks and Garbin effectively rebutted any defense that entire scheme was "hypothetical" or "live action role playing" exercise.

> 2. *The truthfulness, completeness, and reliability of any information or testimony provided by the defendant*:

In the government's estimation, Franks' testimony was truthful, complete and reliable. He made no attempt to minimize his own culpability, and admitted — despite the substantial stigma attached — that he was motivated in part by a desire to harm himself.

> 3. *The nature and extent of the defendant's assistance*:

As noted above, Franks testified over the course of three days and two trials, and was subjected to extensive cross and re-cross examination by four seasoned defense attorneys. His testimony corroborated other admitted evidence, and the cooperating testimony of co-defendant Ty Garbin.

> 4.  *Any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance*:

Franks assumed significant risk by cooperating. While he was separated from his co-defendants before his assistance was revealed, the prison system is filled with other parties motivated to harm him. These include both extremists sympathetic to Fox and Croft's domestic terrorism agenda, and others who might seek to enhance their reputations by assaulting a cooperator in a high-profile case. Whatever sentence this Court eventually imposes, that risk will continue for Franks even after his release.

> 5.  *The timeliness of the defendant's assistance*:

Franks agreed to cooperate and pled guilty a month before the first trial, sparing the government the time required to prepare his prosecution.

## CONCLUSION

Defendant Franks' testimony corroborated that of co-conspirator Ty Garbin, and contributed to the conviction of ringleaders Croft and Fox in a significant domestic terrorism case. Franks did so at substantial risk to his own safety.

WHEREFORE, the government requests this Court grant the defendant a 6-level downward departure pursuant to USSG § 5K1.1.

                                              Respectfully submitted,

                                              ANDREW BYERLY BIRGE
Attorney for the United States,
Acting under Authority Conferred by
28 U.S.C. § 515

Dated:  October 3, 2022                 /s/ *Nils R. Kessler*
                                              NILS R. KESSLER
CHRISTOPHER M. O'CONNOR
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404